UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff,

-V-

LEBANESE CANDIAN BANK SAL,
ELLISSA HOLDING COMPANY, HASSAN
AYASH EXCHANGE COMPANY,
CYBAMAR SWISS GMBH, LLC, STE
NOMECO SARL, STE MARCO SARL, and
THE SALHAB TRAVEL AGENCY,

    Defendants;

ALL ASSETS OF LEBANESE CANADIAN
BANK SAL OR ASSETS TRACEABLE
THEREATO; ALL ASSETS OF ELLISSA
HOLDING COMPANY; ALL ASSETS OF
CYBAMAR SWISS GMBH, LLC, STE
MARCO SARL, STE NOMECO SARL, AND
THE SALHAB TRAVEL AGENCY,
INCLUDING BUT NOT LIMITED TO ALL
FUNDS ON DEPOSIT IN THE BANK
ACCOUNTS AS PARTICULARLY
DESCRIBED IN SCHEDULE A; and ALL
ASSETS OF 30 USED CAR BUYERS IN
THE UNITED STATES LISTED IN
SCHEDULE A, INCLUDING BUT NOT
LIMITED TO APPRX. $248 MILLION
PREVIOUSLY ON DEPOSIT AT APPRX.
57 BANK ACCOUNTS, AS DESCRIBED IN
SCHEDULE A, AND ALL PROPERTY
TRACEABLE THERATO,

Defendants in rem.

11-CIV-9186
HON. RICHARD J. HOLWELL

**MOTION TO SET ASIDE
ORDER FOR ACCOUNTING**

---

**DEFENDANT A&J AUTO SALE INC.'S
MOTION TO SET ASIDE ORDER FOR ACCOUNTING**

1

**NOW COMES**, Defendant, by and through undersigned counsel and respectfully submits the following as Defendant A&J Auto Sale Inc.'s Motion to Set Aside the Court Order entered on December 16, 2011, for an accounting of the items requested in the Prohibited Actions in the Order, stated in paragraph 5 (i) and (ii), and pursuant to Fed.R.Civ.Pro. 60(b)(6). In support thereof, Defendant offers the following Motion:

1. Defendant submits that turning over or providing an accounting of the items listed including; "a complete list of the Subject Entity's assets and liabilities, including but not limited to any real properties, leasehold interests, personal properties, bank accounts, and/or investment accounts"; and "a report of monthly income and expenses from January 2011 through the present" violates Defendant's privilege against self incrimination, and divulging this privileged information may have criminal consequences for Defendant.

2. While this Court entered the Order on December 16, 2011, Defendant was not served with the Complaint and TRO until days later via US Mail, thus, this is a timely objection to the accounting.

3. Federal Rule of Civil Procedure 60(b) provides the framework for Relief from a Judgment or Order and states in pertinent part, "Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons… (6) any other reason that justifies relief.

4. That Defendant is asserting his Fifth Amendment right against self-incrimination, further, "a court may not properly compel the disclosure of the testimony or

evidence which is privileged." See *Hughes Tool Co. v. Meier,* 489 F. Supp. 354, 371 (D. Utah 1978).

5. The privilege against self-incrimination guaranteed by the Fifth Amendment extends not only to answers that would in themselves support a conviction under a federal criminal statute but also to those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. *Blau* v. *United States*, 340 U.S. 159 (U.S. 1950). See also *Hoffman v. United States*, 341 U.S. 479, 489, 95 L. Ed. 1118, 71 S. Ct. 814 (1951).

6. While criminal proceedings have not been initiated against the Defendant, this is not to say that there is not an ongoing investigation that will lead to a criminal prosecution of the defendant and others. The issue has been conclusively decided by <u>Department of Revenue v. Olympic Sav. & Loan Assoc</u>., 78 Ill. App. 3d 668, 669 (Ill. App. Ct. 1st Dist. 1979). There, an undivided Court of Appeals held that, the Department of Revenue's authority to conduct an investigation, audit, or Administrative Hearing ends the instant that criminal prosecution is instituted. In this matter, a criminal prosecution is looming and will most likely be instituted at any moment, thus the US government should not be able to obtain documents in this matter that may tend to incriminate a party, by initiating civil proceedings first, and using those papers to assist in their criminal proceedings.

7. A Motion to Set Aside Order for Accounting is appropriate because Defendant will suffer an irreparable injury to his constitutional right to receive a fair proceeding, and the Court will be unable to adequately remedy the problem after

the initiation of a federal criminal proceedings, once they have been tainted by the current proceedings.

**WHEREFORE**, for these reasons, Defendant respectfully requests that this Honorable Court Set Aside its Order for Accounting so that Defendant is not found to be in contempt until such time that the parties may brief this Court on this issue, and the Court can hold an evidentiary hearing on the propriety of entering the Order for Accounting.

Respectfully submitted,

NABIH H. AYAD & ASSOCIATES, P.C:

Dated: January 23, 2012        By: /s/ Nabih H. Ayad_____
Nabih H. Ayad (P-59518)
Attorney for Defendant
2200 Canton Center Rd., Suite 220
Canton, MI 48187
Phone:    (734) 983-0500
Fax:         (734) 983-0520
Email: nayad@aydlaw.com

5

## CERTIFICATE OF SERVICE

      I hereby certify that on January 23, 2012, I electronically filed the foregoing paper with the Clerk of the Court on behalf of Defendant A&J Auto Sale Inc., using the ECF system, which will send notification of such filing to the following:

**Alexander Joshua Wilson**
Assistant United States Attorney, SDNY
One Saint Andrew's Plaza
New York, New York 10007

I further certify that I have mailed by U.S. mail the paper to the following non-ECF participants:

None.

                                            /s/ Nabih H. Ayad
                                          _____
                                            Nabih H. Ayad