

# Nabih H. Ayad & Associates, P.C.
*Attorneys & Counselors at Law*

Attorneys
Nabih H. Ayad
Mona M. Fadlallah
Zeina S. Makki
Steven J. Ogilvie

Paralegal
Linda M. Loewe

Of Counsel:
Barry A. Seifman

January 23, 2012

VIA OVERNIGHT MAIL NO    EG830528760US

**ATTN: CLERK OF THE COURT**
US.DISTRICT COURT-SDNY
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007

> RE: *Claimant: __Ahmad Issa__ on behalf of __A&J Auto Sales Inc.__*
> *__11-civ-9186__*

## CLAIM CONTESTING FORFEITURE

I have been retained by A&J Auto Sale Inc, the claimant referenced above. Please find a copy of your three seizure letters dated December 15, 2011. At this time the claimant who is a victim and lawful owner of A&J Auto Sale Inc, would like to contest the forfeiture of the account and monies seized from his business account, namely the **Comerica Bank Account, Account Number 1852318300 held in Detroit MI** for the amounts seized in connection with the above referenced civil proceeding.

By way of background, the monies were seized pursuant to a Complaint and Temporary Restraining Order Issued by the Court on December 16, 2011 in connection to the alleged activity of the Defendants named in the Civil Complaint. **However, Claimant has no connection to any alleged activity other than operating a legitimate car dealership business in which funds, belonging to buyers of vehicles are deposited into his business account for purchase of vehicles on behalf of buyers. Thus, Mr. Issa is an innocent victim whose business funds have been seized unlawfully without his knowledge of the activities giving rise to the forfeiture.** Mr. Issa did not know of

the alleged unlawful conduct giving rise to the forfeiture and upon learning of the conduct through the filing of the civil complaint has taken all reasonable action to be expected under the circumstances to terminate use of the property. However, the monies that were deposited into the account for purchase of vehicles belong to BUYERS and not Mr. Issa. In fact, Claimant presently does not understand the circumstances giving rise to the forfeiture as they deal with alleged facts totally outside the scope of his knowledge of the alleged facts and circumstances dealing with the BUYERS. **Claimant was a bona fide purchaser of vehicles on behalf of buyers and did not know and was reasonably without cause to believe that the property was subject to forfeiture, pursuant to 18 U.S.C. 983 (d)(3)(A). The monies are not held personally by Mr. Issa, instead belong to the BUYERS until which time Mr. Issa lawfully purchases vehicles on their behalf.**

The monies seized from the account had been specifically wired into the account for the bona fide purchase of vehicles by Claimant as is customary in his business. Considering the aforementioned, it is exceedingly clear that Mr. Issa had legitimate possession and purpose for the account and monies that were forfeited which were acquired through his car dealership business. The seizure has also contributed to the personal hardship of Mr. Issa in that he must furnish the vehicles to the BUYERS despite the forfeiture of their monies in the business account.

As such, the **claimant respectfully requests that the account and funds be released to him on account of hardship and innocent owner defense, pursuant to 18 U.S.C. 983 9(d).** Due to the financial constraint that the seizure has imposed on the claimant who is a victim and lawful owner of the account, he still must furnish the vehicles without the benefit of the monies seized for said vehicles to said BUYERS. The claimant requesting possession of said property has established the following, through the above stated facts:

- that he has a possessory interest in the property and bank account
- that he is an innocent victim in this matter;

- possession by the US Government of the funds has caused substantial hardship on the claimant as he is still responsible for furnishing the vehicles, .
- the hardship by the claimant through the continued possession by the US Government outweighs any risk that the property will be destroyed or lost or transferred, if returned to the claimant during the pendency of the proceedings.

Thus due to the financial constraints that the seizure has imposed on the claimant, he requests immediate release and possession of the property.

### REQUEST TO PARDON THE PROPERTY

The claimant further requests that the **account and monies be pardoned** as it was acquired through the ordinary course of his business and not for any illegal purpose, and further prays that the property is **granted remission of the forfeiture and/or in the alternative mitigation**. This request is warranted as the claimant has further established that he has a good faith, and legal cognizable interest in the seized property as the owner of the business account, and the monies that were deposited into his account, without his knowledge or any activity giving rise to any alleged violation of law or forfeiture.

**Please release the account to claimant as soon as possible as he has met his burdens in this matter**. I anticipate your response. If you have any questions, please feel free to call my office

Very Truly Yours,

Nabih H. Ayad

W/Enclosures

CC: US ATTORNEY'S OFFICE-SDNY

*Overnight Mail #* EG830528756US

## VERIFICATION

I, *Ahmad Issa*, on behalf of myself and A&J Auto Sales, Inc., hereby swear under oath, subject to penalty of perjury, pursuant to Rule G of the Forfeiture Actions in Rem, that I have read the entire petition and I am in agreement to its contents in its entirety and that it is my understanding and knowledge to the best of my recollection that all information contained therein is true and accurate.

Dated: 1, 23, 2011

_____
AHMAD ISSA

LINDA M. LOEWE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires March 13, 2014
Acting in the County of Wayne

STATE OF MICHIGAN )
COUNTY OF WAYNE )

Subscribed and Sworn to before me

_____,
Notary Public, County of Wayne

This 23, Day of January 2012

My commission expires
3-13-2014.



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 15, 2011

A & J Auto Sale Inc.
7644 Steadman St.
Dearborn, MI 48126

Re: United States v. Lebanese Canadian Bank, Ellissa Holding,
Hassan Ayash Exchange Co., and Cybamar Swiss Gmbh, LLC. et al,
11 Civ. 9186 (RJH)

Dear A & J Auto Sale Inc.:

This letter is to advise you that on December 15, 2011, the United States filed a civil complaint in the United States District Court for the Southern District of New York seeking forfeiture of enumerated defendant properties in the above-referenced action pursuant to: (i) 18 U.S.C. § 981(a)(1)(C) as property, including money, constituting or derived from proceeds of the International Emergency Economic Powers Act of 1977, ("IEEPA"), 50 U.S.C. §§ 1701-1705 and related executive orders and regulations, and (ii) 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering or property traceable to such property in violation of 18 U.S.C. §§ 1956 and 1957.

Should you wish to contest the forfeiture, you must do so by filing a claim pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions with the Clerk of the Court no later than forty (40) days of the date of this letter. In addition, within twenty (20) days after filing a claim, you must file an answer to the amended complaint. This procedure must be followed regardless of any petition for the remission or mitigation of forfeiture which may be pending, and failure to do so could result in the entry of a default judgment against the property.

Respectfully,

PREET BHARARA
United States Attorney
Southern District of New York

By: *[signature]*

JASON H. COWLEY
MICHAEL D. LOCKARD
ALEX WILSON
Assistant United States Attorney
Tel. No.: (212) 637-2479/2193/2453

Enclosures (civil complaint; Local Rules of the U.S. District Court for the Southern District of New York; District Judge Individual Rules of Practice)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 15, 2011

A & J Auto Sale Inc.
22140 W. Warren Ave.
Detroit, MI 48239

Re: United States v. Lebanese Canadian Bank, Ellissa Holding, Hassan Ayash Exchange Co., and Cybamar Swiss Gmbh, LLC. et al, 11 Civ. 9186 (RJH)

Dear A & J Auto Sale Inc.:

This letter is to advise you that on December 15, 2011, the United States filed a civil complaint in the United States District Court for the Southern District of New York seeking forfeiture of enumerated defendant properties in the above-referenced action pursuant to: (i) 18 U.S.C. § 981(a)(1)(C) as property, including money, constituting or derived from proceeds of the International Emergency Economic Powers Act of 1977, ("IEEPA"), 50 U.S.C. §§ 1701-1705 and related executive orders and regulations, and (ii) 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering or property traceable to such property in violation of 18 U.S.C. §§ 1956 and 1957.

Should you wish to contest the forfeiture, you must do so by filing a claim pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions with the Clerk of the Court no later than forty (40) days of the date of this letter. In addition, within twenty (20) days after filing a claim, you must file an answer to the amended complaint. This procedure must be followed regardless of any petition for the remission or mitigation of forfeiture which may be pending, and failure to do so could result in the entry of a default judgment against the property.

Respectfully,

PREET BHARARA
United States Attorney
Southern District of New York

By: _____
JASON H. COWLEY
MICHAEL D. LOCKARD
ALEX WILSON
Assistant United States Attorney
Tel. No.: (212) 637-2479/2193/2453

Enclosures (civil complaint; Local Rules of the U.S. District Court for the Southern District of New York; District Judge Individual Rules of Practice)