UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 11 Civ. 9186 (RJH) |
| Plaintiff, | : | ECF Case |
| | : | |
| - v. - | : | |
| LEBANESE CANADIAN BANK SAL, et al., | : | |
| Defendants, | : | |
| ALL ASSETS OF LEBANESE CANADIAN BANK SAL, et al., | : | |
| | : | |
| Defendants in rem. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANTS' MOTION TO SET ASIDE ORDER FOR ACCOUNTING

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

SHARON COHEN LEVIN
JASON H. COWLEY
MICHAEL D. LOCKARD
ALEXANDER J. WILSON
Assistant United States Attorneys
- Of Counsel -

One St. Andrew's Plaza
New York, New York
(212) 637-1583

The Government respectfully submits this memorandum of law in opposition to the motion of Claimants A&J Auto Sale Inc. ("A&J") and Car UZD and Mid Overseas Inc. ("Car UZD") to set aside the portion of the Court's Post-Complaint Restraining Order dated December 16, 2011 (the "Restraining Order") that requires Claimants, among other entities, to provide the Government with various information regarding their assets and income. Claimants argue that requiring them to provide such information would violate their Fifth Amendment right against self-incrimination. Because Claimants, as corporations, have no Fifth Amendment right against self-incrimination, the motion should be denied.

On December 15, 2011, the United States commenced this action by filing a verified complaint seeking, *inter alia*, forfeiture of the assets of various car buyers, including A&J and Car UZD. On December 16, 2011, the Court issued the Restraining Order, which included a requirement that various entities, again including A&J and Car UZD, provide the Government with:

> (i) a complete list of the Subject Entity's assets and liabilities, including but not limited to any real properties, leasehold interests, personal properties, bank accounts, and/or investment accounts; and
>
> (ii) a report of monthly income and expenses from January 2011 through the present.

 (Restraining Order ¶ 5.) On January 23, 2012, A&J filed the instant motion. On January 24, 2012, Car UZD filed a motion to adopt and join in the instant motion.

Claimants' motion relies exclusively on their supposed Fifth Amendment right not to be compelled to incriminate themselves, which they assert would be violated by forcing them to provide the information set forth in the Restraining Order. As corporations, however, Claimants have no Fifth Amendment privilege against self-incrimination. *See Bellis v. United States*, 417 U.S. 85, 89-90 (1974) (corporate entities have no privilege against self-

incrimination); *In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157-58 (2d Cir. 2010) (same). Nor would it matter if Claimants had styled their motion as an assertion of the Fifth Amendment rights of a principal or officer. "Since the corporation cannot avail itself of the privilege against self-incrimination, it cannot take advantage of an allegedly unconstitutional burden placed on its individual employees." *SEC v. First Jersey Secs.*, 85 Civ. 8585 (RO), 1987 WL 8655, *5 (S.D.N.Y. Mar. 26, 1987) (*citing George Campbell Painting Corp. v. Reid*, 392 U.S. 286, 289 (1968)). Indeed, the sole case cited by Claimants in their motion which actually involves a corporation reached the same conclusion. *See Dept. of Revenue v. Olympic Sav. & Loan Ass'n*, 78 Ill. App.3d 668, 669, (Ill. App. 1st Dist. 1979) (noting that no basis would exist for Fifth Amendment challenge to a subpoena issued to corporation). Accordingly, Claimants' motion is meritless, and should be denied.[1]

Dated: January 30, 2012
      New York, New York

                     Respectfully submitted,

                     PREET BHARARA
                     United States Attorney for the
                     Southern District of New York

      By:             /s/
                     SHARON COHEN LEVIN
                     JASON H. COWLEY
                     MICHAEL D. LOCKARD
                     ALEXANDER J. WILSON
                     Assistant United States Attorneys
                     One Saint Andrew's Plaza
                     New York, New York 10007
                     Tel. (212) 637-1583
                     Fax (212) 637-0421

---

[1] While the Government does not concede that the Fifth Amendment privilege would apply if A&J or Car UZD were individuals who had such a privilege to assert, it does not address other arguments here given the dispositive fact that Claimants, as corporations, have no such privilege.