UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| - v. - | : |
| LEBANESE CANADIAN BANK SAL, ELLISSA EXCHANGE COMPANY, CYBAMAR SWISS GMBH, LLC, STE NOMECO SARL, STE MARCO SARL, and THE SALHAB TRAVEL AGENCY, | :<br>:  11 CIV 9186 (RJH) ECF CASE<br>: |
| Defendants; | : |
| ALL ASSETS OF LEBANESE CANADIAN BANK SAL OR ASSETS TRACEABLE THERETO; ALL ASSETS OF ELLISSA HOLDING COMPANY; ALL ASSETS OF HASSAN AYASH EXCHANGE COMPANY; ALL ASSETS OF CYBAMAR SWISS GMBH, LLC, STE MARCO SARL, STE NOMECO SARL, AND THE SALHAB TRAVEL AGENCY, INCLUDING BUT NOT LIMITED TO ALL FUNDS ON DEPOSIT IN THE BANK ACCOUNTS AS PARTICULARLY DESCRIBED IN SCHEDULE A; and ALL ASSETS OF 30 USED CAR BUYERS IN THE UNITED STATES LISTED IN SCHEDULE A, INCLUDING BUT NOT LIMITED TO APPROXIMATELY $248 MILLION PREVIOUSLY ON DEPOSIT AT APPROXIMATELY 57 BANK ACCOUNTS, AS DESCRIBED IN SCHEDULE A, AND ALL PROPERTY TRACEABLE THERETO, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants in rem. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GLOBAL SHIPPING SERVICES, INC.'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Claimant, Global Shipping Services, Inc., pursuant to Rule G(8)(b)(i) and Rule 12(b)(2) of the Federal Rules of Civil Procedure, moves this Court to dismiss this action with prejudice for lack of personal jurisdiction and states the following in support of this Motion:

**I.     FACTUAL BACKGROUND**

Claimant Global Shipping Services Inc. ("Global") a Michigan corporation with its principal and only place of business physically located in the State of Michigan.  The Claimant does not have any offices, agents, telephone listings or mailing addresses in the State of New York.  Claimant does not own or rent any property in the State of New York.  Claimant has no employees in the State or New York, and it does not maintain any licenses or other operations in New York.  Claimant has no bank accounts in New York; rather, Claimant's accounts are located in Michigan, and in no way whatsoever were any of these accounts used for any illicit purposes.

Additionally, Claimant does not advertise in any New York newspapers or magazines or any other New York print, radio, or television media.  Claimant does not transact any business in New York, nor does it contract or negotiate to contract anywhere in New York to supply goods or services in the state.  Furthermore, Claimant is a completely separate and distinct entity from any other entity alleged as a defendant or claimant in this case, and Claimant is in no way connected with any illegal activities whatsoever including any alleged illegal activities of any of the other entities alleged in the Complaint to have engaged in such activities.

**II.    LEGAL STANDARD**

Where a court does not have personal jurisdiction over a defendant, it must dismiss an action against that defendant.  Fed. R. Civ. P. 12(b)(2); *Nelson v. Mass. Gen. Hosp.,* 2007 U.S. Dist. LEXIS 70455, 40 (S.D.N.Y. 2007).  Furthermore, a district court may only exercise jurisdiction over a defendant who would be subject to the general jurisdiction of a court in the state in which the district court is located.  Fed. R. Civ. P. 4(k)(1)(A); *Nelson,* 2007 U.S. Dist. LEXIS at 40; *Stephan v. Babysport, LLC*, 499 F. Supp. 2d 279, 284 (E.D. N.Y. 2007).  It is the plaintiff's burden to make a prima facie case of personal jurisdiction in order to survive a motion

to dismiss on these grounds. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (U.S. Ct. App. 2$^d$ Cir. 2007).

In determining whether the court is able to exercise such jurisdiction, the court must look to the state's long-arm statute, which in this case is N.Y.C.P.L.R. § 302(a). This statute provides that personal jurisdiction does not lie where a non-domiciliary does not transact "any business within the state or contrac[t] anywhere to supply goods or services in the state; or…owns, uses or possesses any real property situated within the state." N.Y.C.P.L.R. §302(a)(1,4). A court's exercise of jurisdiction must also fall within the due process requirements of "minimum contacts" and that maintaining the action is not offensive to "traditional notions of fair play and substantial justice." *Nelson* at 45, citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Best Van Lines,* 490 F.3d at 242.

**III.    ARGUMENT**

The Plaintiffs have failed to establish that this Court has personal jurisdiction over the Claimant because they have not demonstrated that the Southern District of New York ("SDNY") has personal jurisdiction by means of the New York long-arm statute. Plaintiffs have also failed to establish that the Claimant has minimum contacts in the State of New York or that SDNY has either specific or general jurisdiction over the Claimant. Thus, exercise of jurisdiction in this case is not proper and would not comport with constitutional standards of due process under the Fourteenth Amendment.

> A. *The Complaint does not allege a prima facie case of personal jurisdiction under the New York long-arm statute.*

>> 1. The Claimant was not "doing business" in New York state.

NY CPLR §301 provides that a foreign corporation is susceptible to personal jurisdiction if it is "doing business" in New York State. *Stephan,* 499 F.Supp. at 285. A foreign corporation

is not considered to be "doing business" if it has no established presence in the state; does not engage "in a continuous and systematic course of conduct"; has no contacts with the forum; is not engaged in nor authorized to do business in New York. *Chiriqui Land Co. v. M/V Snow Flower,* 1991 U.S. Dist. LEXIS 10907, 6-8 (S.D.N.Y 1991); *See also Frummer v. Hilton Hotels International, Inc.,* 19 N.Y.2d. 533, 536 (N.Y. Ct. App. 1967). A corporation is present in New York if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55,58 (2d Cir. 1985) citing *Tauza v. Susquenhanna Coal Co.,* 220 N.Y. 259, 267 (1917). Factors that tend to show a "presence" in New York, and therefore jurisdiction, include the existence of a New York office; the presence of bank accounts in New York; ownership of property in New York; solicitation of business in New York (though not in isolation from other factors); and the presence of agents or employees in New York. *Id.* at 58. *See also Landoil Resources Corp. v. Alexander & Alexander Services, Inc.,* 918 F.2d 1039, 1043 (2d Cir. 1990).

It is clear in this case that jurisdiction cannot be maintained over the Claimant pursuant to NY CPLR §301 because the Claimant does not maintain a New York office; does not have any employees in New York; does not maintain any New York bank accounts; does not own any property in New York; and does not solicit business in New York. Furthermore, the Claimant dose not engage in continuous or systematic business in the State of New York. The Plaintiff has failed to demonstrate that the Claimant has any contact with the state of New York at all nor has it engaged in any business in New York whatsoever.

As a result, even construing the facts alleged in the light most favorable to the Plaintiff, this Court cannot maintain jurisdiction over the Defendants according to NY CPLR §301.

2. The Claimant was not "transacting business" in New York state.

The Plaintiff has failed to establish that the Claimant is subject to personal jurisdiction in SDNY under any of the four sections of §302(a).  NY CPLR §302(a) provides that the Court may exercise jurisdiction over any non-domicilliary who:

> (a)(1) transacts any business within the state or contracts anywhere to supply goods or services in the state;
>
> (2) commits a tortious act within the state; or
>
> (3) commits a tortious act without the state causing injury within the state if the defendant
>
> > (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> >
> > (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) owns, uses or possesses any real property situated within the state…
>
> (c) Effect of appearance.  Where personal jurisdiction is based solely upon this section, an appearance does not confer such jurisdiction with respect to causes of action not arising from an act enumerated in this section.

First, a finding of jurisdiction under section 302(a)(1) requires a showing that the Claimant "transacts any business" in New York and that the cause of action arises from such transaction.  *Best Van Lines*, 490 F. 3d at 246-47.  To determine if the Claimant transacted business, this Court should rely on the standard set forth by the U.S. Supreme Court in *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), which has been previously used by the 2nd circuit court of appeals in situations like the one at issue in this case.  *See Best Van Lines*, 490 F.3d at 246-47.  This standard provides that the Claimant's conduct must constitute "purposeful availment…of the privilege of conducting activities within the forum State, thus invoking the benefits and

protections of its law." *Id.* at 246-47.  The "purposeful availment" requirement is satisfied only where the Plaintiff demonstrates that the Claimant's contacts with the forum state create a "substantial connection" with the forum state, and where the Claimant's "conduct and connection with the forum are such that he should reasonably anticipate being haled into court there."  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-475 (19??) citing *International Show Co. v. Washington, supra,* at 316.

Claimant Global has not transacted any business nor has any conduct on its part constituted purposeful availment of the benefits and protections of the state laws of New York.  As such, Claimant certainly has no substantial connection with the forum state, and there is no reason Claimant would ever reasonably anticipate being haled into Court in the state of New York.

> 3. <u>Since Claimant did not transact business in New York, the cause of action certainly did not arise from an action Claimant took in New York.</u>

Even if it is somehow determined that the Claimant transacted business in New York, it must then be established that the cause of action arose out of that transaction.  To determine whether a cause of action arises out of the transaction of business, the court looks to many factors including:

> (1) Whether the defendant has an ongoing contractual relationship with a New York corporation;
>
> (2) Whether the contract was negotiated or executed in New York;
>
> (3) What the choice of law clause is in any such contract; and
>
> (4) Whether the contract requires the defendant to send notices and payments into the forum state.

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004).

Clearly, the Plaintiff has not established either that the Claimant transacted any business whatsoever in the State of New York, or than any cause of action arose from such transacted business. Plaintiff failed to show Claimant invoked any benefit or protection from New York law, and it has not been demonstrated that Claimant has any connection with New York, let alone any substantial connection.  In fact, the complete lack of Claimant's contact with New York shows that the Claimant would not reasonably anticipate being drawn into court in New York.  As a result, the Claimant cannot said to have acted in a way that would constitute purposeful availment of the benefits and protections of the laws of New York.  Therefore, Claimant has not transacted business in New York nor has it contracted or negotiated a contract with any New York business, even construing facts alleged in a light most favorable to the Plaintiffs.  In itself, this fact precludes this Court's finding that the cause of action could have arisen from the Claimant's conduct.

Jurisdiction is also precluded in this Court based on Section 302(a)(2,3) because the Claimant has not committed any tortuous act within or without the state that has had an effect on the state or a person residing in the state of New York.  As established above, the Claimant does not have any offices, agents, or accounts in New York.  The Claimant has not been physically present in New York nor has the Plaintiff alleged any action of the Claimant that has caused injury within New York.  Even if injury in New York can be demonstrated, the facts remain insufficient to establish jurisdiction because the Plaintiff has not shown that the Claimant regularly conducts or solicits business, engages in any other persistent course of conduct, or derived any revenue from goods used or consumed or services rendered in New York.  Therefore, there is no basis for jurisdiction under Section 302(a)(2,3).

  B. *The Complaint does not establish the Claimant is subject to general jurisdiction.*

The exercise of personal jurisdiction must comport with constitutional due process in which the Claimant would be subject to jurisdiction with the state only if it has the requisite "minimum contacts" with that state, "such that the maintenance of the suit does not offend the traditional notion of fair play and substantial justice." *International Shoe Co. supra* at 316.

The purpose of the "minimum contacts" requirement is to protect the Claimant against the burden of litigation at a distant or inconvenient forum, and to ensure that states do not reach beyond the limits of their sovereignty imposed by their status in the federal system. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92 (1980). The purposeful availment requirement ensures that claimants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.'" *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 560 (9th Cir. 1995) (quoting *Burger King Corp. supra* at 475).

A forum state may assert general jurisdiction, that is jurisdiction without respect to whether the claim arises from or relates to the claimant's forum contacts, only where the contacts are continuous and systematic. Thus if there are no minimum contacts between the claimant and the forum state, there is no basis for general jurisdiction.

Here, the Plaintiff has not made a prima facie showing that establishes the existence of general jurisdiction. For instance, it has not been established that the Claimant does meet the minimum contacts required for general jurisdiction in New York. The Plaintiff has not shown that the Claimant has *any* contacts with the State of New York, and it would not be able to do so considering Claimant has none. Clearly, it cannot be established that the Claimant has continuous or systematic contacts with New York or that any conduct by the Claimant constitutes personal availment. As a result, there is no basis for the existence of general jurisdiction over the Claimant in this case.

*C. The Complaint does not allege a prima facie case of specific jurisdiction.*

Specific jurisdiction is satisfied only if the claimant has *purposefully directed* its activities at residents of the forum. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984) (emphasis added). Additionally, the litigation must result from injuries that "arise out of or relate to" those activities. *Helicoperos Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

A court may assert either general or specific jurisdiction over a claimant. In this case, specific jurisdiction cannot be exercised over the Claimant because the Plaintiff has failed to show that the Claimant has purposefully directed its activities at residents of New York. The Claimant does not maintain offices or stores in New York, nor does it advertise in New York. The Plaintiff has not illustrated a single instance in which the Claimant directed any of its activities to New York residents, whether purposeful or not. Furthermore, the Plaintiff has not shown that Claimant conducted any activities in New York, or that any business conducted in New York caused any injury to the Plaintiff. As a result, the Plaintiff has failed to establish that this Court may assert specific jurisdiction over the Claimant.

*D. The Plaintiff may not lump defendants together for the purpose of alleging a connection to New York and jurisdiction of its courts.*

The Plaintiff must establish the contacts of each defendant and/or claimant for purposes of alleging jurisdiction in the New York courts based on sufficient connection to the state rather than lumping defendants together in order to allege sufficient jurisdictional grounds. *CITE.* Separate entities are entitled to independence from each other meaning that the Plaintiff must establish a basis for each entity to the jurisdiction of the Court or it must show that the entities are "mere departments" of each other. *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117, 120 (2d Cir. 1984).

In this case, the Plaintiff has made no connection between the Claimant and any other defendant against whom the complaint was filed because there is no connection. Neither has the Plaintiff made any connection between the Claimant and any other claimant who has come forth in this forfeiture in rem because, again, there is no connection. As such, this Court should find that the Plaintiff improperly lumped the Claimant with other defendants and claimants in this case for purposes of establishing jurisdiction. Because there is no connection between Claimant and any other defendant or claimant in this case and because it has no connection to the State of New York, this Court has no jurisdiction over the Claimant.

IV. **CONCLUSION**

This Court should find there is no basis for jurisdiction in this case. The Plaintiff has failed to establish jurisdiction exists under the New York long-arm statute, and it has failed to show there is either general or specific jurisdiction according to the due process requirement of the Fourteenth Amendment. Applying the standards for jurisdiction established by case law in the SDNY, this Court should find this case not only warrants but requires dismissal against Claimant Global Shipping Services, Inc.

Dated:  February 13, 2012

Respectfully Submitted,

/S/ Neil B. Mooney

Neil B. Mooney, Esq.
The Mooney Law Firm, LLC
*Counsel for Claimant Global*
 *Shipping Services*
1911 Capital Circle NE
Tallahassee, FL 32308
Tel. 850-893-0670
Fax 850-391-4228
SD NY No.NM0300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by first class U.S. Mail and/or by using the Clerk of the Court's CM/ECF system for electronic notice on this 13th day of February, 2012 on all counsel or parties of record.

/S/ Neil B. Mooney
Neil B. Mooney, Esq.
The Mooney Law Firm, LLC
*Counsel for Claimant Global
Shipping Services*
1911 Capital Circle NE
Tallahassee, FL 32308
Tel. 850-893-0670
Fax 850-391-4228
SD NY No.NM0300

**Service List**

**Clerk of Court**
United States District Court- Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Alexander Joshua Wilson**
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2453
Fax: (212)-637-2527
Alexander.Wilson@usdoj.gov

**Jason Harris Cowley,**
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2479
Fax: (212)-637-0421
jason.cowley@usdoj.gov

**Michael Dennis Lockard,**
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2193
Fax: (212)-637-2527
michael.lockard@usdoj.gov

**Sharon Cohen Levin**
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2200
Fax: (212)-637-0421
Sharon.Levin@usdoj.gov

**Alessandra Deblasio**
Deblasio & Larocca
5 Hanover Square
New York, NY 10004
(212)-321-7084
Fax: (212) 689-2765
Email: adeblasio@earthlink.net

**Nabih Hussein Ayad**
Nabih H. Ayad & Associates, P.C.
2200 Canton Center Road, Suite 220
Canton, MI 48187
(734) 983-0500
Fax: (734) 983-0520
Email: ayadlaw@hotmail.com

**Alex V. Hernandez**
Pullman & Comley, LLC(Stamford)
4 Stamford Plaza
107 Elm Street
Stamford, CT 06902-3834
(203) 674-7952
Fax: (203) 363-8659
Email: ahernandez@pullcom.com

**Tristan Scott Cowperthwait**
Pullman & Comley, LLC (Bridgeport)
850 Main Street, 8th Floor
Bridgeport, CT 06601
(203)-330-2044

Fax: (203)-576-8888
Email: tscowperthwait@pullcom.com

**Deane A. Shure**
Joseph J. D'Erasmo & Associates
103 North Adams Street
Rockville, MD 20850
(301) 762-8860

**Joseph John D'Erasmo**
Joseph J. D'erasmo & Associates
103 North Adams Street
Rockville, MD 20850
(301)-762-8865
Fax: (301)-424-7710
Email: joseph_derasmo@yahoo.com

**Emily Stern**
Katten Muchin Rosenman,LLP(NYC)
575 Madison Avenue
New York, NY 10022
(212)-940-8800
Fax: (212)-940-8776
Email: emily.stern@kattenlaw.com

**Scott Andrew Resnik**
Katten Muchin Rosenman,LLP(NYC)
575 Madison Avenue
New York, NY 10022
(212)-840-8543
Fax: (212)-894-5513
Email: scott.resnik@kattenlaw.com

**Steven Leigh Kessler**
Law Offices of Steven L. Kessler
122 East 42nd. Street Suite 606
New York, NY 10168
(212)-661-1500
Fax: (212)-297-0777

**Alexander H. Benson**
Alexander H. Benson Fields, PLLC
2000 Town Center, Ste. 1780
Southfield, MI 48323
(248) 357-3550
Fax: (248) 357-3404

**Jeffrey Martin Schwaber**
Stein Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, MD 20850
(301) 340-2020
Fax: (301) 354-8110
Email: jschwaber@steinsperling.com

**David S. Weinstein**
Clarke Silvergate, P.A.
799 Brickell Plaza, Suite 900
Miami, Fl 33131
(305) 377-0700
Fax: (305) 377-3001
Email: dweinstein@cspalaw.com

**Elias Muawad**
Law Offices of Elias Muawad, P.C.
36700 Woodward Ave., Suite 209
Bloomfield Hills, MI 48304
(248) 594-4700
Fax: (248) 594-4701
Email: elias@muawadpc.com

**Joseph R. Arnone**
Arnone Law Offices
22330 Greater Mack Avenue
St. Clair Shores, MI 48080
(586)-777-7720
Fax: (586)-778-6633
Email: joseph@arnone-law.com

**Anthony A. Joseph**
Maynard Cooper & Gale P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
(205) 254-1224
Fax:  (205) 254-1999
Email:  ajoseph@maynardcooper.com