UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                           :

            Plaintiff,                      :

   - v. -                                          :

LEBANESE CANADIAN BANK SAL, ELLISSA              :
EXCHANGE COMPANY, CYBAMAR SWISS                  :   11 CIV 9186 (RJH) ECF CASE
GMBH, LLC, STE NOMECO SARL, STE MARCO
SARL, and THE SALHAB TRAVEL AGENCY,              :

            Defendants;                     :

ALL ASSETS OF LEBANESE CANADIAN BANK              :
SAL OR ASSETS TRACEABLE THERETO; ALL
ASSETS OF ELLISSA HOLDING COMPANY; ALL             :
ASSETS OF HASSAN AYASH EXCHANGE
COMPANY; ALL ASSETS OF CYBAMAR SWISS              :
GMBH, LLC, STE MARCO SARL, STE NOMECO
SARL, AND THE SALHAB TRAVEL AGENCY,               :
INCLUDING BUT NOT LIMITED TO ALL FUNDS
ON DEPOSIT IN THE BANK ACCOUNTS AS                 :
PARTICULARLY DESCRIBED IN SCHEDULE A;
and ALL ASSETS OF 30 USED CAR BUYERS               :
IN THE UNITED STATES LISTED IN
SCHEDULE A, INCLUDING BUT NOT LIMITED              :
TO APPROXIMATELY $248 MILLION
PREVIOUSLY ON DEPOSIT AT APPROXIMATELY             :
57 BANK ACCOUNTS, AS DESCRIBED IN
SCHEDULE A, AND ALL PROPERTY TRACEABLE              :
THERETO,

            Defendants in rem.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF ALI KAIN IN SUPPORT OF GLOBAL SHIPPING SERVICES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

      I, Ali Kain, President of Global Shipping Services, Inc. ("Global"), under penalty of perjury, set forth and attest to the following:

1.    I am over 18 years of age and am competent to make this affidavit.

2. I am the President of Global and have personal knowledge of the facts at issue with regard to this motion.

3. The matters set forth in this Affidavit are true and correct, and they are based on my personal knowledge and review of my records associated with this case.

4. Global is a Michigan corporation with its principal and only place of business physically located in the state of Michigan. From 2006 through December 2010, Global was acting solely as a transportation and shipping logistics company with no auto dealing activities, and none of Global's activities took place in New York.

5. Global has no bank accounts in the state of New York; rather Global's accounts are located in Michigan, and they have never been used in connection with any illegal activity, including those alleged to have been conducted in this case.

6. None of Global's clients are located in New York, and money these clients wired to Global solely for providing logistics services (not auto dealing services) was wired through the client's own banking institutions to Global's Michigan bank account. Global had no control over what banking institutions his clients used; however, to my knowledge, none of the institutions Global's clients used to wire such monies were New York institutions.

7. In late December 2010, Global began using the auto dealer license it obtained for a select few customers who sought both purchasing and shipping services from Global; however, the license Global obtained was not a New York license; rather, the license was obtained in Michigan.

8. None of Global's auto purchasing clients were New York clients, and the money these clients wired to Global for providing auto dealing and shipping services was wired to Global's Michigan account.

9. After beginning auto dealing had begun, Global realized it needed to differentiate the businesses of auto dealing and shipping logistics, so Global opened a second bank account solely for auto dealing funds. This second bank account was also opened and maintained in Michigan, not New York. Furthermore, no money coming in or out of this account was directed to, from, or through New York, nor was any wire directed to, from, or through any of the banking entities alleged as defendants in the Complaint filed by the U.S. in this case.

10. Global does not transact any business whatsoever in New York, nor does it contract or negotiate to contract anywhere in New York to supply goods or services in the state.

11. Global does not have any offices, agents, telephone listings, or mailing addresses in the state of New York, nor has Global used any of these types of resources to conduct any illegal activities, including those alleged to have been conducted in this case.

12. Global does not own or rent any property in the state of New York, nor has it used any property, real or personal, it has in Michigan in connection with any illegal activity, including those alleged to have been conducted in this case.

13. Global does not have any employees in the state of New York.

14. Global does not maintain any licenses or other operations in the state of New York.

15. Global does not do any advertising in any New York newspapers or magazines or any other New York print, radio, or television media.

16. Global is a completely separate and distinct company from any other entity alleged as a defendant or claimant in this case. Global is in no way connected with any illegal activities at all, including those alleged to have been conducted in this case.

17. I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

Executed on this 13 day of February 2012.

_____
Ali Kain
President, Global Shipping Services, Inc.

STATE OF MICHIGAN

COUNTY OF Wayne

Sworn to (or affirmed) and subscribed before me this 13 day of Feb, 2012, by Ali Kain.

Personally Known _____ or Produced Identification ✓

Type of Identification Produced DL K500 046 461 888

IMAN BERRY
Notary Public - Michigan
Wayne County
My Commission Expires Sep 10, 2013
Acting in the County of Wayne