# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEBANESE CANADIAN BANK SAL, et. al,

    Defendants;

ALL ASSETS OF LEBANESE CANADIAN BANK, SAL OR ASSETS TRACEABLE THERETO; ALL ASSETS OF ELLISSA HOLDING COMPANY; ALL ASSETS OF HASSAN AYASH EXCHANGE COMPANY, et al.,

    Defendants in rem.

**DEALER SERVICES CORPORATION'S CLAIM UNDER 18 U.S.C. § 983(d)(1)-(3) RELATING TO ITS PRE-EXISTING, SECURED PROPERTY INTEREST AS AN INNOCENT OWNER**

11-CIV-9186 (RJH)

---

As set forth herein, and based upon the annexed Declaration of Kathy Clark dated February 16, 2012 (the "Clark Decl."), Dealer Services Corporation ("DSC"), by its attorneys, Phillips Lytle LLP, hereby asserts a Claim under 18 U.S.C. § 983 as an innocent owner of a pre-existing, secured property interest subject to the forfeiture order entered in the above-captioned action. In support of its claim, DSC states as follows:

## INTRODUCTION

1.     DSC makes this Claim under 18 U.S.C. § 983 as a result of Plaintiff United States of America's efforts to seize Defendants' alleged interest in all of the assets of three car dealers named as Defendants in rem in Plaintiff's Complaint (A & J Auto Sales Inc.,

Auto Care LLC, and Eagle Auto Sales Inc. (the "three car dealers")), and the proceeds traceable to those three car dealers' assets.

2. The government's forfeiture Complaint seeks, in part, the forfeiture of all of the assets of the three car dealers, including certain motor vehicles and/or the proceeds of the sale of such motor vehicles that are subject to DSC's pre-existing, valid, secured, superior and perfected security interest that are part of the Collateral (defined below). (Clark Decl. ¶¶ 5-13, Ex. A, B & C.)

3. DSC's interest relates to its pre-existing, valid, secured, superior and perfected security interest pursuant to the below-referenced credit facility agreements in certain property, including, in part, all vehicles financed by DSC, the proceeds of the sale of such vehicles, and other property of the three car dealers (the "claimed interest"). Based on the value of DSC's present security interests, this claim is for the Collateral or for an amount not less than $220,373.00.

4. DSC is an innocent owner, and has legal right, title, and interest in the Collateral that was superior to any right, title or interest of any other person at the time of the commission of the acts of others alleged in Plaintiff's Complaint.

5. As such, DSC respectfully requests that the Court: (a) recognize the superiority of DSC's Claim as to the Collateral; (b) adjudge DSC an innocent owner under 18 U.S.C. § 983(d)(1)-(3); (c) adjudge that DSC has a valid, secured interest in the Collateral and that it shall not be forfeited under 18 U.S.C. § 981(a)(1)(c); (d) otherwise dismiss the Complaint as to the auto dealers named above to the extent of DSC's interest, and/or decline to order forfeiture of the claimed interest and/or issue its/any forfeiture order accordingly and/or order that the Collateral be returned to DSC; (e) permit DSC to exercise all of its rights and remedies

under the credit facility agreements and applicable law, including, but not limited to, the liquidation and/or other disposition of the Collateral and application of the proceeds to amounts due to DSC under the applicable credit facility; (f) if the Court orders forfeiture of the claimed interest, that the Court orders DSC to be compensated to the full extent of DSC's ownership interest once a final order of forfeiture has been entered and the property has been reduced to liquid assets under 18 U.S.C. § 983(d)(5); and (g) order such other relief as the Court deems proper.

6. As stated above, if the Court orders forfeiture of the claimed interest, DSC asks the Court to direct that DSC be compensated by the Government to the extent of DSC's ownership interest once a final order of forfeiture has been entered and the Collateral has been reduced to liquid assets under 18 U.S.C. § 983(d)(5).

7. This Claim relates only to the government's efforts to seize the claimed interest in the Collateral.

**DSC's Secured Interest in the Collateral**

8. DSC's floor plan financing to each of the three car dealers is secured by an unconditional security interest in certain items of personal property, including in part, all vehicles, the proceeds of the sale of such vehicles, and vehicle parts and inventory owned or thereafter acquired by an automobile dealer. This security interest was perfected by the filing of UCC-1 financing statements that are recorded with the appropriate secretary of state to put all persons on record notice of DSC's interest in the property. (Clark Decl. ¶¶ 5-13, Ex. A, B & C.)

9. Due to DSC's first priority security interest, it is an "owner" of the Collateral under 18 U.S.C. § 983(d)(6). Further, as an "innocent owner" of the Collateral under

3

18 U.S.C. § 983(d)(1), (2), (3), DSC has a legal right, title or interest in the Collateral that renders it not subject to forfeiture under 18 U.S.C. § 981(a)(1)(c).

10. As set forth in more detail in the annexed Declaration of Kathy Clark, DSC's perfected security interests are as follows:

   a. Certain property subject to the "A & J Auto Sales Credit Facility" as evidenced by the filing of a UCC Financing Statement on or about December 22, 2008. (Clark Decl. ¶¶ 5-7, Ex. A.)

   b. Certain property subject to the "Auto Care Credit Facility" as evidenced by the filing of a UCC Financing Statement on or about January 13, 2010. (Id. ¶¶ 8-10, Ex. B.)

   c. Certain property subject to the "Eagle Auto Sales Credit Facility" as evidenced by the filing of a UCC Financing Statement on or about July 17, 2007. (Id. ¶¶ 11-13, Ex. C.)

11. The property subject to the security interests of the A & J Auto Sales Credit Facility, Auto Care Credit Facility, and Eagle Auto Sales Credit Facility are collectively referred to as the "Collateral" and includes, in part, all vehicles, the proceeds of the sale of such vehicles, vehicle parts and inventory owned or thereafter acquired by the automobile dealer. The specific motor vehicles that (in part) comprise the Collateral are identified by Vehicle Identification Number (VIN) and Stock Number in the Declaration of Kathy Clark. (Id. ¶15.)

12. Upon information and belief, the current market value of the Collateral is approximately $220,373.00.

**DSC's Status as an Innocent Owner and Right to Possess the Collateral.**

13. DSC is an innocent owner, in that it did not know of the conduct giving rise to the forfeitability of the claimed interest. 18 U.S.C. § 983(d)(1), (2), (3).

14. DSC is not alleged to have had, and did not have, any knowledge of any alleged conduct by A & J Auto Sales, Auto Care, Eagle Auto Sales, their principals, employees, assignees, and/or any other entities or individuals named in the Complaint in the above-captioned forfeiture proceedings. (Clark Decl. ¶18.)

15. Because DSC had no knowledge of or involvement in the alleged illegal conduct, it is immaterial whether any illegal conduct began prior to DSC's security interest in the Collateral being perfected, and DSC's claimed interest in the Collateral is therefore not subject to forfeiture.

16. Even if DSC received funds (via repayment on the credit facility agreements) from A & J Auto Sales, Auto Care, and/or Eagle Auto Sales that were the alleged proceeds of unlawful activity, an entry of a forfeiture order against DSC's secured interest in the Collateral is inappropriate because DSC had no knowledge or information of the unlawful activity and, therefore, any such proceeds would be subject to the security interests under the credit facility agreements. At a minimum, any forfeiture order of the Court as to the claimed interest should require that the government compensate DSC to the extent of its ownership interest – that is, the amount remaining due and owing to DSC under the credit facility agreements.

17. As of February 7, 2012, the amounts due and owing to DSC under each of the Credit Facility Agreements are as follows:

5

| Credit Facility Agreement | Amounts due and owing to DSC |
|---|---|
| A & J Auto Sales Inc. | $1,791.33 |
| Auto Care LLC | $92,200.99 |
| Eagle Auto Sales Inc. | $128,952.41 |
| Total | $222,944.73 |

(Clark Decl. ¶22, Ex. D.)

18. DSC's interest in the property is secured and is superior to any interest that may be claimed by A & J Auto Sales, Auto Care, Eagle Auto Sales, and/or any other claimant, including the Government.

19. Government, and all other potential claimants would be on notice of DSC's pre-existing, superior claim as to the Collateral by way of the filed UCC-1 Financing Statements that were duly and properly recorded.

20. Under UCC § 9-310, DSC's security interest in the Collateral was perfected on the date its UCC-1 Financing Statements were filed.

21. Under UCC § 9-322, DSC's security interest in the Collateral has priority over any other alleged security interest that was perfected following the filing of DSC's UCC-1 Financing Statements.

22. As such, DSC has a legal right, title and interest in the Collateral, and, as a result of that right, title and interest, the Collateral is not the proper subject of a forfeiture order because the right, title and interest was vested in DSC rather than the three auto dealers or any other civil defendant in the Complaint or any criminal defendant in any criminal matter, and was superior to any right, title or interest of any other person at the time of the commission of any acts that gave rise to this forfeiture proceeding. DSC was a bona fide investor for value of the right and title of the claimed interest, and was without cause to believe that any property would be subject to forfeiture under 18 U.S.C. § 981, or upon any other ground.

23. Under 18 U.S.C. § 983(d)(5), DSC is therefore entitled to an order severing the Collateral from the property allegedly subject to the forfeiture Complaint, or in the alternative directing the government to compensate DSC for the amounts remaining due and owing to DSC under the credit facility agreements.

24. DSC has not been served with the Complaint, with the Post-Complaint Restraining Order or with any notice/process by Plaintiff.

25. DSC is represented in these matters by Joseph B. Schmit, Phillips Lytle LLP, 437 Madison Avenue, New York, NY 10022, Phone (212) 759-4888, Facsimile (212) 308-9079, jschmit@phillipslytle.com, and DSC asks that copies of all pleadings, notices and filings be served on its counsel.

26. DSC's Claim is being served on counsel for the government in this matter, and on all counsel of record as reflected on the Court's docket in the above-referenced matter.

**WHEREFORE**, DSC respectfully requests that the Court: (1) recognize the superiority of DSC's Claim as to the Collateral; (2) adjudge DSC an innocent owner under 18 U.S.C. § 983(d)(1)-(3); (3) adjudge that DSC has a valid, secured interest in the Collateral and that it shall not be forfeited under 18 U.S.C. § 981(a)(1)(c); (4) otherwise dismiss the Complaint as to the auto dealers named above to the extent of DSC's interest, and/or decline to order forfeiture of the claimed interest and/or issue its/any forfeiture order accordingly and/or order that the Collateral be returned to DSC; (5) permit DSC to exercise all of its rights and remedies under the credit facility agreements and applicable law, including, but not limited to the liquidation and/or other disposition of the Collateral and application of the proceeds to amounts due to DSC under the applicable credit facility; (6) if the Court orders forfeiture of the claimed interest, that the Court orders DSC to be compensated to the full extent of DSC's ownership

interest once a final order of forfeiture has been entered and the property has been reduced to liquid assets under 18 U.S.C. § 983(d)(5); and, (7) order such other relief as the Court deems proper.

Dated: February 16, 2012
       New York, New York

                             Respectfully submitted,

                             PHILLIPS LYTLE LLP

                             /s/ Joseph B. Schmit
                             Joseph B. Schmit
                             437 Madison Ave.
                             New York, NY 10022
                             Phone (212) 759-4888
                             Facsimile (212) 308-9079
                             jschmit@phillipslytle.com

                             *Counsel for Claimant Dealer
                             Services Corporation*