UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                              )
UNITED STATES OF AMERICA,      )
                                              )
        Plaintiff,                    )
                                              )
        v.                                  )
                                              )    CIVIL ACTION NO.
LEBANESE CANADIAN BANK SAL, *et. al.*   )    1:11-cv-9186-PAE
                                              )
        Defendants,                 )
                                              )
ALL ASSETS OF LEBANESE CANADIAN   )
BANK SAL OR ASSETS TRACEABLE       )
THERETO, *et. al.*                              )
                                              )
        Defendants *in rem*,      )
_____)


**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT
LEBANESE CANADIAN BANK SAL'S MOTION TO DISMISS**


                             **Dewey & LeBoeuf LLP**
                             Christopher J. Clark
                             Berge Setrakian
                             1301 Avenue of the Americas
                             New York, New York 10019
                             Telephone: 212-259-8555
                             Facsimile: 212-659-0953

Claimant Lebanese Canadian Bank Sal ("Claimant" or "LCB"), by and through its undersigned counsel, moves to dismiss Plaintiff's Verified Complaint (the "Complaint"), so far as it seeks forfeiture *in rem* for lack of *in rem* jurisdiction over Claimant's assets pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("FRCP").[1]

**FACTUAL BACKGROUND**

Plaintiff alleges no facts whatsoever that could support a finding that this Court has *in rem* jurisdiction over LCB's assets, and instead attempts to rely on a single conclusory allegation that the "Court has jurisdiction pursuant to title 28, United States Code, Sections 1345 and 1355." (Cplt. ¶ 10.) Plaintiff has not alleged that any of LCB's assets are within the physical custody of the Court, or even made a simple allegation concerning the location of any of LCB's assets. Plaintiff has not alleged that any of LCB's assets are within the physical territory of the United States. And to the extent that any of LCB's assets are located outside of the United States (which, again, Plaintiff has not alleged), Plaintiff has failed to allege whether any country in which they are located will cooperate with the United States to seize and turn over LCB's assets. Plaintiff has also failed to allege whether any foreign country with dominion over LCB's assets has any legal obligation, such as through a mutual assistance treaty, to cooperate with the United States concerning forfeiture. Simply put, none of the essential allegations for establishing *in rem* jurisdiction are set forth in the Complaint. Accordingly, for the reasons set forth below, this Complaint must be dismissed.

---

[1] As stated in Plaintiff's letter to the Court dated April 12, 2012, LCB has not been served with the Complaint with respect to Plaintiff's *in personam* claims, and has entered an appearance restricted to the defense of Plaintiff's *in rem* claims.

# ARGUMENT

I. **The Court Lacks *In Rem* Jurisdiction Over LCB'S Assets**

    A. **Plaintiff Failed to Specifically Assert the Requisite *In Rem* Jurisdiction**

Plaintiff generally asserts jurisdiction pursuant to 28 U.S.C. § 1355, but does not specifically allege the existence of *in rem* jurisdiction over LCB's assets. Although Section 1355 provides for subject matter jurisdiction and venue over forfeiture proceedings, it does not obviate the separate requirement of *in rem* jurisdiction. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 57 (1993) ("[I]n order to institute and perfect proceedings *in rem*, . . . the thing should be actually or constructively within the reach of the Court."); *United States v. All Funds on Deposit in any Accounts Maintained in the Names of Heriberto Castro Meza*, 63 F.3d 148, 152 (2d Cir. 1995) (hereinafter "*Meza*"). Absent *in rem* jurisdiction, any forfeiture order directed at LCB's assets would be wholly unenforceable. Therefore, if this Court cannot acquire *in rem* jurisdiction, the forfeiture action must be dismissed.

    B. **Plaintiff Cannot Demonstrate Actual or Constructive Control over LCB's Assets**

Even if Plaintiff specifically alleged the existence of *in rem* jurisdiction pursuant to 28 U.S.C. § 1355, Plaintiff must still show that the Court possesses some degree of control over the assets sought to be forfeited. Here, Plaintiff has not made any allegations concerning control over LCB's assets or even whether LCB's assets are located in the United States or abroad. To the extent that LCB's assets are located outside of the United States, this Court's jurisprudence has consistently delimited the bounds of Section 1355 to confer *in rem* jurisdiction over property located in a foreign country only where there is actual or constructive control over such property. *See Meza*,

63 F.3d at 152. That is, the Court must have actual or constructive control over the assets in order to assert *in rem* jurisdiction in the forfeiture proceeding. This construction is consistent with the Supreme Court's holdings in various forfeiture cases that the court must have "actual or constructive control of the *res* when an *in rem* forfeiture action is initiated." *See James Daniel Good Real Prop.*, 510 U.S. at 58 (quoting *Republic Nat'l Bank of Miami v. United States,* 506 U.S. 80, 87 (1992)).

In forfeiture proceedings against property located abroad, constructive control has been found to exist where there is demonstrated cooperation and compliance by the foreign nation to arrest the assets. *See Meza*, 63 F.3d at 153 (concluding that *in rem* jurisdiction was proper because the district court had constructive control over certain illicit funds "by virtue of the demonstrated cooperation of the British government"); *United States v. Funds Described in "Attachment A" To the Complaint For Forfeiture in Rem*, No. 05cv916, 2007 WL 1877675, at *3 (M.D. Fla. June 27, 2007) (finding that the Bermuda government "demonstrated cooperation" where it issued an order restraining the claimant's bank account). In *Meza*, the Second Circuit found there to be constructive control of funds in certain bank accounts in the United Kingdom where the Criminal Division of the U.S. Department of Justice, early on in its investigation and prior to filing its complaint, coordinated with British authorities to obtain a restraining order against the funds pursuant to a mutual assistance treaty between the United States and the United Kingdom.

Here, however, despite the clear-cut requirements for *in rem* jurisdiction, Plaintiff has alleged no facts demonstrating *any* degree of control over LCB's assets to sustain the instant forfeiture proceedings. First, Plaintiff cannot satisfy *in rem* jurisdiction on the

4

basis of actual control as the assets sought to be seized have not come within the physical custody of the Court.  Second, Plaintiff has not attempted to meet its burden of establishing that the Court has constructive custody of LCB's assets (*i.e.*, demonstrating that any country where LCB's assets are located will turn over some portion of LCB's assets to the United States).  *See Meza*, 63 F.3d at 154.  Plaintiff has not alleged that any country with dominion over LCB's assets has a mutual assistance treaty with the United States, has cooperated in the past with the United States over the forfeiture of assets, or has indicated in some way that it is willing to cooperate with the United States over the forfeiture of LCB's assets in connection with the present proceeding.  There are no allegations that any foreign country has agreed to act as an agent of the United States with respect to LCB's assets or acquiesced to allow the United States to enter its territory to seize LCB's assets for purposes of this forfeiture action.  Absent allegations of such foreign cooperation or any other means to obtain or seize LCB's assets, Plaintiff simply cannot provide this Court with the necessary constructive control to vest it with *in rem* jurisdiction.  Accordingly, this Complaint must be dismissed.

## II.     Plaintiff Should Not be Granted Leave to Amend the Complaint Because any Amendment Would Be Futile

The district court has the discretion to grant or deny leave to amend.  *See Wolk v. Kodak Imaging Network, Inc.*, No. 10 Civ. 4135, 2012 WL 11270, at *8 (S.D.N.Y. Jan. 3, 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Leave to amend need not be granted if the amendment serves no purpose.  *See Foman*, 371 U.S. at 182.

Here, leave to amend should not be granted because Plaintiff has not and cannot demonstrate that the Court had actual or constructive control over LCB's assets prior to initiating this suit. *See James Daniel Good Real Prop.*, 510 U.S. at 58 ("[T]he court must have actual or constructive control of the res when an *in rem* forfeiture suit is initiated.") (quoting *Republic Nat'l Bank of Miami,* 506 U.S. at 87). Indeed, as discussed above, Plaintiff has alleged no facts whatsoever concerning this Court's control over the *res* prior to initiating the action. Plaintiff has not even alleged where the *res* is located, let alone that any country will cooperate with Plaintiff to seize LCB's assets. There are no allegations that any country has a legal obligation to cooperate with Plaintiff, and there are no allegations that any country with dominion over the *res* has cooperated with Plaintiff in the past. Moreover, a review of the docket sheet for the present action shows that no order has been entered concerning this Court's exercise of dominion over the *res*. This is no surprise as Plaintiff has taken no actions that could potentially give this Court actual or constructive control.

Accordingly, an amendment to the Complaint would be futile as no new facts can be alleged that would demonstrate that the Court had control over the *res* prior to the filing of the action. The Complaint should, therefore, be dismissed with prejudice and without leave to amend.

## CONCLUSION

For all of the foregoing reasons, Claimant LCB respectfully requests that the Complaint be dismissed with prejudice and without leave to amend.

Dated: April 23, 2012    Respectfully submitted,

s/Christopher J. Clark
Christopher J. Clark
Berge Setrakian
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, New York  10019
Telephone: 212-259-8555
Facsimile: 212-649-0953
cjclark@dl.com

*Counsel for Claimant*
*Lebanese Canadian Bank SAL*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  ss.:
COUNTY OF NEW YORK )

CHRISTINA I. BELANGER, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and am employed by the law firm of Dewey & LeBoeuf LLP.

On April 23, 2012, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT LEBANESE CANADIAN BANK SAL'S MOTION TO DISMISS with the Clerk of the Court which sent notification of such filing to the following CM/ECF partipants:

SEE ATTACHED SERVICE LIST

On April 23, 2012, I served the foregoing MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT LEBANESE CANADIAN BANK SAL'S MOTION TO DISMISS via first class mail upon the following non CM/ECF participants:

Deane A. Shure, Esq.
Joseph J. D'Erasmo & Associates
103 North Adams Street
Rockville, Maryland 20850

Warner F. Young, III, Esq.
Allred, Bacon, Halfhill & Young, P.C.
11350 Random Hills Road, # 700
Fairfax, Virginia 22030

CHRISTINA I. BELANGER

Sworn to before me this
23rd day of April, 2012

NOTARY PUBLIC

DEBRA K. SENIOR
NOTARY PUBLIC, State of New York
No. 01SE6174396
Qualified in Dutchess County
Certificate Filed in New York County
Commission Expires Sept. 17, 20 13

## 11-cv-0186 Electronic Service List

- **Joseph R. Arnone**
  joseph@arnone-law.com
- **Nabih Hussein Ayad**
  ayadlaw@hotmail.com
- **Abdou Baaklini**
  stevenkessler@msn.com
- **Baaklini North America, Inc.**
  stevenkessler@msn.com
- **James Thomas Bacon**
  jbacon@abhylaw.com
- **Erica Williamson Barnes**
  ebarnes@maynardcooper.com
- **Alexander Howard Benson**
  abenson@ebflegal.com,kpickard@ebflegal.com
- **Gabriel Adam Berg**
  croach@bafirm.com
- **R. Daniel Boyce**
  dboyce@nexsenpruet.com,bcrosser@nexsenpruet.com
- **Jason Harris Cowley**
  jason.cowley@usdoj.gov,USANYS.ECF@USDOJ.GOV
- **Tristan Scott Cowperthwait**
  tscowperthwait@pullcom.com
- **Joseph John D'Erasmo**
  joseph_derasmo@yahoo.com
- **Alessandra Deblasio**
  adeblasio@earthlink.net
- **Bradley S. Defoe**
  bsdefoe@varnumlaw.com,tladgate@varnumlaw.com
- **David Christopher Driscoll , Jr**
  ddriscoll@steinsperling.com
- **Thomas E. Dwyer**
  tdwyer@dwyerpartnersllp.com
- **Alan Frederick Enslen**
  aenslen@maynardcooper.com
- **Isaac Garcia-Dale**
  igarciadale@dwyerpartnersllp.com
- **Alex V. Hernandez**
  ahernandez@pullcom.com
- **Anthony Aaron Joseph**
  ajoseph@maynardcooper.com
- **Damira Kamchibekova**
  dkamchibek@kalbianhagerty.com
- **Steven Leigh Kessler**
  stevenkessler@msn.com

- **Sharon Cohen Levin**
  Sharon.Levin@usdoj.gov,USANYS.ECF@usdoj.gov
- **Michael Dennis Lockard**
  michael.lockard@usdoj.gov,USANYS.ECF@USDOJ.GOV
- **MGM Global Trading LLC**
  ahernandez@pullcom.com
- **Neil B. Mooney**
  nmooney@customscourt.com
- **Elias Muawad**
  elias@muawadpc.com
- **Eric M. Nemeth**
  emnemeth@varnumlaw.com
- **Esther Ann Nguonly**
  en@vargheselaw.com
- **Scott Andrew Resnik**
  scott.resnik@kattenlaw.com
- **Jessica Christine Satriano**
  jsatriano@bsk.com
- **Joseph B. Schmit**
  jschmit@phillipslytle.com,sobrien@phillipslytle.com,rvaldez@phillipslytle.com
- **Jeffrey Martin Schwaber**
  jschwaber@steinsperling.com
- **Timothy Peter Shusta**
  shustat@phelps.com,kalpinl@phelps.com
- **Sefton Smyth**
  ssmyth@abhylaw.com
- **Emily Stern**
  emily.stern@kattenlaw.com
- **Vinoo P. Varghese**
  vpv@vargheselaw.com
- **David S. Weinstein**
  dweinstein@cspalaw.com,mpedraza@cspalaw.com
- **Alexander Joshua Wilson**
  Alexander.Wilson@usdoj.gov,USANYS.ECF@USDOJ.GOV