UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 11 Civ. 9186 (RJH) |
| Plaintiff, | : | ECF Case |
| - v. - | : | |
| LEBANESE CANADIAN BANK SAL, et al., | : | |
| Defendants, | : | |
| ALL ASSETS OF LEBANESE CANADIAN BANK SAL, et al., | : | |
| Defendants in rem. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### GOVERNMENT'S SURREPLY IN OPPOSITION TO CLAIMANTS' MOTION TO SET ASIDE ORDER FOR ACCOUNTING

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

SHARON COHEN LEVIN
JASON H. COWLEY
MICHAEL D. LOCKARD
ALEXANDER J. WILSON
Assistant United States Attorneys
- Of Counsel -

One St. Andrew's Plaza
New York, New York
(212) 637-1583

The Government respectfully submits this surreply in response to the reply brief filed by Claimant A&J Auto Sale Inc. ("A&J") in support of the motion by A&J and Car UZD and Mid Overseas Inc. ("Car UZD") to set aside the portion of the Court's Post-Complaint Restraining Order dated December 16, 2011 that requires Claimants, among other entities, to provide the Government with various information regarding their assets and income. A&J concedes that A&J itself, as a corporation, has no Fifth Amendment right against self-incrimination, but now argues that, because A&J is wholly owned by Ahmad Issa ("Issa") and has no other employees, A&J's records are equivalent to Issa's records and may be withheld based on Issa's individual Fifth Amendment rights.[1]

The Second Circuit recently considered the precise issue of whether a one-person corporation could assert the Fifth Amendment rights of its individual owner/employee. *See In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157-59 (2d Cir. 2010). The court concluded unambiguously that "a one-person corporation cannot avail itself of the Fifth Amendment privilege," and reaffirmed its prior holding that "'[t]here simply is no situation' in which a corporation can avail itself of the Fifth Amendment privilege." *Id*. at 158 (*quoting In re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d 52, 57 (2d Cir. 1985)); *see also Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, No. 09-3561-cv, 2012 WL 1034900, *5 n. 5 (2d Cir. Mar. 29, 2012).[2] A&J is indisputably a corporation. Therefore, under binding Second Circuit precedent, A&J is precluded from asserting Issa's Fifth Amendment privilege to resist producing

---

[1] It is not clear whether Car UZD is similarly situated and joins in this aspect of A&J's motion.

[2] The cases cited by A&J are not to the contrary. Indeed, the court in *S.E.C.* v. *Oxford Capital Securities, Inc.*, the main case cited by A&J, held that the corporations at issue were required to "comply fully with the terms of the Order and cannot hide behind the Fifth Amendment privilege of their officers." 794 F.Supp. 104, 108 (S.D.N.Y. 1992). The protection afforded the individual officers in that matter was not the right to refuse to produce documents, but rather that the act of production could not be used as evidence against the individuals in a criminal proceeding. *Id*.

documents in this matter, and, as A&J concedes, cannot assert any Fifth Amendment privilege of its own.  Accordingly, A&J's motion must be denied.

Dated: May 10, 2012
      New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

By:            /s/
        SHARON COHEN LEVIN
        JASON H. COWLEY
        MICHAEL D. LOCKARD
        ALEXANDER J. WILSON
        Assistant United States Attorneys
        One Saint Andrew's Plaza
        New York, New York 10007
        Tel. (212) 637-1583
        Fax (212) 637-0421

4

**Certificate of Service** <span style="float:right">**Electronically**</span>

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, he served or caused to be served the following document in the manner indicated:

> **Government's Surreply in Opposition to Claimants' Motion to Set Aside Order for Accounting**

Via ECF upon the following attorneys:

> Nabih H. Ayad, Esq.
> David S. Weinstein, Esq.

Dated: May 10, 2012
       New York, New York

___/s/ AJW_____
Alexander J. Wilson