UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,                                 :

                                    Plaintiff,            :          11 Civ. 9186 (PAE)

                        -v-                               :

                                                          :          OPINION & ORDER

LEBANESE CANADIAN BANK SAL et al.,                        :

                                    Defendants.           :

                                                          :
------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: June 1, 2012

PAUL A. ENGELMAYER, District Judge:

Kassab Auto Dealer LLC ("Kassab") and Autocare LLC, d/b/a Golden Eagle Motors

("Golden Eagle") jointly petition the Court for the immediate release of restrained property

pursuant to 18 U.S.C. § 983(f). The government opposes release of certain of the movants'

restrained assets. For the reasons that follow, the petition is denied without prejudice, and the

parties are directed to meet and confer as to the terms of a modified restraining order.

I.      **Background**

On December 15, 2011, the United States brought this *in rem* forfeiture action and civil

money laundering complaint against multiple Lebanese financial institutions, as well as against

various United States-based used car purchasers. The action arises out of an investigation by the

U.S. Drug Enforcement Agency and other federal law enforcement agencies of a scheme to

launder money, through the U.S. financial system and used car market, for the benefit of

Hizballah, a terrorist organization based in Lebanon.

The initial conference in this matter was originally scheduled for March 14, 2012. In a

letter dated March 6, 2012, the government requested to adjourn the initial conference for 60

days to permit ongoing settlement negotiations with various defendants. Following a request by

*in rem* defendant Cedar Exports Auto Sales to set an expedited briefing schedule for any petitions by defendants for release of restrained assets pursuant to 18 U.S.C. § 983(f), on March 9, 2012, the Court set a briefing schedule with respect to such petitions. On March 26, 2012, Kassab and Golden Eagle submitted a joint petition for relief under 18 U.S.C. § 983(f). That petition has now been fully briefed.

## II.    Legal Standard

Congress enacted 18 U.S.C. § 983(f) to provide a mechanism for the release of property during the pendency of a civil forfeiture action. Section 983(f)(1) provides that a claimant is entitled to immediate release of seized property if a claimant can demonstrate: (A) that the claimant has a possessory interest in the property; (B) that the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial; (C) that the continued possession by the Government pending final disposition of the forfeiture proceedings will cause substantial hardship to the claimant; and (D) that the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceedings.

## III.    Discussions

Kassab seeks the release of: (1) approximately $85,000 held in an account at T.D. Bank N.A.; and (2) eight cars purchased for export, valued at approximately $35,000. Golden Eagle seeks the release of: (1) $13,394.97 held in various bank accounts; (2) 20 cars purchased for domestic resale, valued at approximately $86,320; (3) 18 cars purchased for export; and (4) various assets seized from Golden Eagle's garage, valued at approximately $10,000.

[2]

The Court incorporates by reference here the analysis in its ruling, announced from the bench on May 4, 2012, with respect to a separate petition for release of restrained assets, pursuant to 18 U.S.C. § 983(f), submitted by Cedar Exports.  *See* May 4, 2012 Tr. (Dkt. 241). In that decision, the Court held that, although Cedar Exports had credibly represented that the continued freeze of its assets imposed substantial hardship on the business, Cedar Exports had not satisfied its burden under 18 U.S.C. § 983(f)(1)(D) of demonstrating that the balance of hardships favors release of the assets in question.  The Court denied Cedar Exports's motion, without prejudice to Cedar Exports's right to file a new petition responsive to the concerns expressed by the Court.

For the same reasons discussed in the May 4 ruling, the Court is constrained to deny the petition submitted by Kassab and Golden Eagle.  Although Kassab and Golden Eagle have demonstrated that the restraint of their assets has caused the companies substantial hardship, the movants have not provided adequate assurances that the property, if released, would not be destroyed, damaged, lost, concealed, or transferred in violation of § 983(f)(1)(D).  Accordingly, the balance of hardships does not favor release of the assets in question at this time.

However, the Court notes that in its opposition to the motion, the government represents that it does not object to modifying the restraining order to (1) permit cars purchased for domestic resale to be sold in the United States to domestic buyers, (2) lift the restraining order with respective to the assets seized from Golden Eagle's garage, and (3) permit Kassab and Golden Eagle "to open new accounts that could be used to receive funds and buy cars, subject to their compliance with anti-money laundering and know-your-customer practices." Opp. at 1 n.1, 8 (Dkt. 186).  In its reply submission in further support of the motion, Kassab indicates that this

[3]

proposal "is a reasonable resolution," and will "alleviate some of the . . . financial stress imposed on Kassab." Reply at 2 (Dkt. 239).

The Court appreciates the parties' efforts to achieve a joint resolution that alleviates a portion of the hardship experienced by the movants as a result of the restraint of their assets. The parties are directed to meet and confer about the terms of a modified order regarding the restrained assets, and to jointly propose such an order to the Court by June 7, 2012. The parties are encouraged to continue to meet and confer to identify other means, consistent with the government's interest in guaranteeing that a meaningful remedy will be available to it should it prevail at trial, of mitigating the hardship that the present restraint is working on movants.

## CONCLUSION

For the reasons stated herein and in the Court's ruling from the bench on May 4, 2012, Kassab and Golden Eagle's joint motion for release of restrained property pursuant to 18 U.S.C. § 983(f) is hereby denied without prejudice to re-filing if the movants can more credibly guarantee that equivalent assets would be available in the event of a judgment for the government. The Clerk of Court is directed to close docket item 163.

The government is directed to meet and confer with defendants about the terms of a modified restraining order that can be proposed to the Court on consent of the government and movants. The parties are directed to jointly submit such a proposed order by June 7, 2012.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 1, 2012
New York, New York

[4]