UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LEBANESE CANADIAN BANK SAL, *et al.*, | ) |
| | ) CIVIL ACTION NO. |
| | ) 1:11-cv-9186-PAE |
| | ) |
| Defendants, | ) |
| | ) |
| ALL ASSETS OF LEBANESE CANADIAN | ) |
| BANK SAL OR ASSETS TRACEABLE | ) |
| THERETO, *et al*. | ) |
| | ) |
| Defendants *in rem*. | ) |
|_____| ) |

**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT
ELLISSA HOLDING COMPANY'S MOTION TO DISMISS**

**Kalbian Hagerty LLP**
Haig V. Kalbian
Mark A. Barondess
Michelle D. Douglas
Damira Kamchibekova
888 17th St., Suite 1000
Washington D.C. 20006
Tel: (202) 223-5600
Fax: (202) 223-6625

Claimant Ellissa Holding Company ("Claimant" or "Ellissa"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Verified Complaint (the "Complaint") and respectfully states as follows:

**FACTUAL BACKGROUND**

This matter arises out of an *in rem* forfeiture action brought by the Plaintiff, the United States of America ("Plaintiff") against "All Assets of Ellissa Holding Company." The Complaint alleges, in pertinent part, that the Ellissa companies transferred the sum of $61,747,524 to accounts of various car dealerships in the United States between approximately January 2007 and early 2011 as part of an alleged money laundering scheme. (Complaint ¶ 7). It further lists in Schedule A certain bank accounts of those car dealerships to which the funds were allegedly transferred. (*Id.* at ¶ 9, *see also* Schedule A).

None of the accounts in Schedule A belong to or are identified or listed in the name of or otherwise associated with Ellissa. (*Id.*) Indeed, the Plaintiff has failed to identify any of Ellissa's assets that are within the physical custody of the Court or the territory of the United States. In fact, the Plaintiff has not made a single allegation concerning the location of *any* of Ellissa's assets. To the extent that any of Ellissa's assets are located outside of the United States (which, Plaintiff has failed to contend), the Plaintiff has further failed to allege (i) the identity of the country or countries where said assets are located and (ii) whether any said country will cooperate with the United States to seize and turn over Ellissa's assets. Moreover, jurisdiction over any of the property located overseas in a non-cooperating country may result in a decision, which is advisory and non-redressable. Accordingly, Plaintiff fails to allege any of the elements establishing *in rem* jurisdiction or to state a claim upon which relief may be granted and, as a result, this Complaint must be dismissed.

# ARGUMENT

I.   **The Plaintiff's Complaint Fails to State a Claim upon Which Relief May Be Granted.**

   A.   **The Complaint Has Not Alleged Sufficient Facts to Support a Reasonable Belief that the Government Will be Able to Meet Its Burden of Proof at Trial.**

To survive under Rule 12(b)(6), a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted). The plaintiff's factual allegations must "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A mere "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949. The court must examine the well-pled and non-conclusory factual allegations to determine whether there is a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions specifically provides that the complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999) (internal quotations and citation omitted).

The instant Complaint does not meet the heightened requirements for plausibility pleading under *Twombly* and *Iqbal* nor the specific requirements of Rule G(2)(f). *Twombly,* 550 U.S. at 570; *Iqbal,* 129 S. Ct. 1937. *Iqbal* indicates that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are not entitled

to the assumption of truth. 129 S. Ct. at 1940-42. As in *Iqbal*, once the conclusory allegations are ignored, the Complaint in the case at bar does not allege sufficient facts to state a claim against the assets of Ellissa "that is plausible on its face," so as to avoid dismissal. *Iqbal,* 129 S.Ct. at 1949.

Here, the Plaintiff has pled in detail wrongful activities by Lebanon-based terrorist organization Hizballah and various alleged drug-trafficking organizations, but has completely failed to plead specific facts tying Ellissa to any such activities or otherwise supporting its conclusory statement that Ellissa is one of the "key participants and facilitators" of a money laundering scheme (Complaint ¶ 32). Even where the Complaint purports to state specifics regarding Ellissa, it merely alleges (i) that Ellissa transferred cash to the U.S. to buy cars to ship to West Africa (Complaint ¶¶ 51-54), (ii) that Ellissa and its principals were "implicated" in cash smuggling – with no specifics alleged (Complaint ¶ 45(b)); and (iii) that a money courier had an Ellissa business card in his pocket when he was stopped for carrying undeclared cash between Benin and Paris, France (Complaint ¶ 65). These facts are not sufficient to constitute a plausible pleading as required under Rule 12(b)(6), nor to meet the pleading requirements of Rule G(2)(f).

**B.     The Complaint Fails to Describe the Property with Reasonable Particularity.**

Rule G(2)(c) also provides that the complaint in a forfeiture action must "describe the property with reasonable particularity." *See* Rule G(2)(c), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In the instant case, the Plaintiff completely fails to identify, describe or seize any property that belongs to Ellissa aside from a broad and unspecified claim against "All Assets of Ellissa Holding Company."

The Complaint alleges that between approximately January 2007 and early 2011 the Ellissa companies transferred $61,747,524 to accounts of various car dealerships in the United

States. (Complaint ¶ 7). It further lists in Schedule A certain bank accounts of those car dealerships, to which the funds were allegedly transferred. (*Id*. at ¶ 9, *see also* Schedule A). Yet none of the accounts listed in Schedule A are the property of Ellissa. (*Id*.) The Plaintiff fails to describe any details of Ellissa's property whatsoever which it seeks to be forfeited, let alone identify whether any of Ellissa's assets are even within the physical custody and control of the Court or the territory of the United States.

## II.  The Court Lacks *In Rem* Jurisdiction Over Ellissa's Assets.

The Complaint alleges jurisdiction under 28 U.S.C. § 1355, which allows federal courts to obtain original jurisdiction over forfeiture cases. 28 U.S.C. § 1355(a). Section 1355(b)(1) provides venue over a forfeiture action, allowing the case to be brought in any district where "acts or omissions giving rise to the forfeiture occurred, or any other district where venue for the forfeiture action or proceeding is specifically provided." 28 U.S.C. § 1355(b)(1). In addition, the statute provides that the action can be brought as provided under Section 1355(b)(1) whenever property is located in a foreign country, or "has been detained or seized pursuant to legal process or competent authority of a foreign government." 28 U.S.C. § 1355(b)(2).

However, it is well established that in order to bring a civil forfeiture action over property, apart from subject-matter jurisdiction and venue, a court must assert *in rem* jurisdiction over the property at issue. Rule G(2)(b), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Thus, in forfeiture actions, a Plaintiff seeking to invoke the Court's *in rem* jurisdiction, must establish that the property is actually or constructively within the reach of the Court. *See United States v. All Funds on Deposit in any Accounts Maintained in the Names of Heriberto Castro Meza et. al.*, 63 F.3d 148, 152 (2d Cir. 1995) citing *United States v. James Daniel Good Real Property,* 126 L. Ed. 2d 490, 114 S. Ct. 492, 503 (1993).

Here, the Plaintiff has failed to identify that any property belonging to Ellissa is located in the United States or even abroad. Ellissa is not aware of any of its assets which may be sought to be seized that come within the physical custody or control of this Court. Ellissa is a Lebanese company and to the extent Ellissa's assets are located in Lebanon or any other foreign country, the Complaint does not contain a single allegation that the United States' government or courts have actual or constructive[1] control over such property. *See Meza*, 63 F.3d at 152. The Plaintiff has not met its burden of demonstrating or even alleged that any foreign country where Ellissa's assets are located (i) has a judicial assistance treaty, (ii) has cooperated in the past with the United States over the forfeiture of assets, or (iii) has provided any indication that it is willing to cooperate with the United States over the forfeiture of Ellissa's assets. Absent the essential power to adjudicate rights as to Ellissa's property, including "the power to seize and hold it," this Court does not have *in rem* jurisdiction, and the Complaint must be dismissed.

**III.     The Constitutional Principles Under Article III Bar This Court's Jurisdiction.**

"The party invoking federal jurisdiction bears the burden of establishing" that jurisdiction exists." *Sharkey v. Quarantillo*, 541 F.3d 75, 82-83 (2d Cir. N.Y. 2008), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). All factual issues necessary to establish subject matter jurisdiction "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Id*.

**A. The Constitutional Principle of Justiciability Bars this Court's Jurisdiction.**

It is a fundamental constitutional principle that a federal case must be justiciable in order to be considered by a federal court. Article III of the U.S. Constitution limits federal court

---

[1] In forfeiture proceedings involving property located abroad, constructive control has been found when there is a demonstrated cooperation of the foreign nation to arrest the assets. *See Meza*, 63 F.3d at 153 (concluding that *in rem* jurisdiction was proper because the district court had constructive control over certain funds "by virtue of the demonstrated cooperation of the British government").

6

jurisdiction to "actual, ongoing controversies" between parties. *Honig v. Doe*, 484 U.S. 305, 317 (1988) (emphasizing the limits that Article III of the Constitution places on federal courts). For this reason, the U.S. Supreme Court has held that "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (internal quotations omitted.) Accordingly, in cases where there is a high probability of an advisory opinion that may be reversed or revised by a foreign court, judicial restraint should be exercised. *See Tang Yee-Cun v. Immundi*, 686 F. Supp. 1004 (S.D.N.Y. 1987).

In the present case, the Plaintiff fails to identify the assets (or their location) which are subject to forfeiture. To the extent the assets are located in a non-cooperating foreign country, it is likely that that foreign country will refuse to abide by this Court's forfeiture order or will modify the order. This Court will have, therefore, no power in making the final determination. As a result, the U.S. judgment will not have any effect on the forfeited assets, rendering the U.S. case advisory and nonjusticiable. Accordingly, this Court should dismiss the forfeiture action against Ellissa's assets.

**B. The Constitutional Principle of Redressability Bars this Court's Jurisdiction.**

In order for a case to be heard before a federal court, a party must have proper standing, which requires the presence of three elements: (1) an actual, cognizable injury, (2) causation, and (3) redressability. *See Mass. v. Envtl. Prot. Agency*, 549 U.S. 497, 515 (2007), *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The element of redressability requires that it is likely, as opposed to merely speculative, that the plaintiff's injury will be redressed by a favorable decision. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). When the remedy issued by the court becomes subject to the discretion of another court or administrative

7

body, the court's decision becomes speculative.

In the instant case, the Plaintiff fails to describe or identify any of Ellissa's property subject to forfeiture. Notwithstanding the failure to identify said property, and to the extent such property of a Lebanon-based company is located in a non-cooperating country, there is a substantial likelihood that the requisite element of redressability will not be met in order to demonstrate standing. This Court will be unable to provide any type of remedy when it is likely to be amended by a judgment from a court in a non-cooperating country. Under such circumstances, the Plaintiff seeking the forfeiture will be in the same position as it was before the forfeiture proceeding began. Accordingly, the requisite element of redressability cannot be met with respect to assets located outside of the United States in non-cooperating countries – and the Complaint does not allege or identify any assets that would not fall within this definition – and therefore Plaintiff cannot establish that it has standing.

## **CONCLUSION**

WHEREFORE, Claimant Ellissa Holding Company respectfully requests that the Court enter an order (1) dismissing the forfeiture action against "All Assets of Ellissa Holding Company" in its entirety; (2) awarding costs and attorneys' fees pursuant to the Civil Asset Forfeiture Reform Act of 2000, Pub. L. 106-185, 106th Cong. (2000), 114 Stat. 211 (Apr. 25, 2000), and the Equal Access to Justice Act, 28 U.S.C. § 2412; and (3) for such other relief as the Court deems just and appropriate.

Dated: June 4, 2012                    Respectfully submitted,

                                       s/Damira Kamchibekova
                                       Haig V. Kalbian (*pro hac vice*)
                                       Mark A. Barondess (*pro hac vice*)
                                       Michelle D. Douglas (*pro hac vice*)
                                       Damira Kamchibekova (DK 1811)
                                       Kalbian Hagerty LLP
                                       888 17th St., Suite 1000
                                       Washington D.C. 20006
                                       Tel: (202) 223-5600
                                       Fax: (202) 223-6625
                                       hkalbian@kalbianhagerty.com
                                       mbarondess@kalbianhagerty.com
                                       mdouglas@kalbianhagerty.com
                                       dkamchibek@kalbianhagerty.com
                                       *Counsel for Claimant Ellissa Holding Company*

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2012, I have electronically filed the Memorandum in Support of the Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel listed on the attached service list:

                                                      s/Damira Kamchibekova
                                                     Damira Kamchibekova

SERVICE LIST

Alexander Joshua Wilson
Jason Harris Cowley
Michael Dennis Lockard
United States Attorney's Office
One St. Andrew's Plaza
New York, NY 10007
alexander.wilson@usdoj.gov
Jason.cowley@usdoj.gov
Michael.lockard@usdoj.gov

James Thomas Bacon
Sefton Smyth
Warner F. Young, III
Allred, Bacon, et al.
11350 Random Hills Road, # 700
Fairfax, VA 22030
jbacon@abhylaw.com
ssmyth@abhylaw.com
wyoung@abhylaw.com

Gabriel Adam Berg
Kennedy Berg, LLP
401 Broadway, Ste. 1900
New York, NY 10013
croach@bafirm.com

Neil B. Mooney
The Mooney Law Firm, LLC
1911 Capital Circle North East
Tallahassee, FL 32308
nmooney@customscourt.com

Nabih Hussein Ayad
Nabih H. Ayad & Asociates, P.C.
2200 Canton Center Road, Ste. 220
Canton, MI 48187
ayadlaw@hotmail.com

Sharon Cohen Levin
United States Attorney's Office
86 Chambers Street
New York, NY 10007
sharon.levin@usdoj.gov

Jeffrey Martin Schwaber
David Christopher Driscoll, Jr.
Stein, Sperling, et al.
25 West Middle Lane
Rockville, MD 20850
jschwaber@ steinsperling.com
ddriscoll@steinsperling.com

Bradley S. Defoe
Eric M. Nemeth
Varnum LLP
39500 High Pointe Blvd., Ste. 350
Novi, MI 48375
bsdefoe@varnumlaw.com
emnemeth@varnumlaw.com

David S. Weinstein
Clarke Silvergate, P.A.
799 Brickell Plaza, Ste. 900
Miami, FL 33131
dweinstein@cspalaw.com

R. Daniel Boyce
Nexsen Pruet
4141 Parklake, Ste. 200
Raleigh, NC 27612
dboyce@nexsenpruet.com

Timothy Peter Shusta
Phelps Dunbar LLP
100 South Ashley Drive, Ste. 1900
Tampa, FL 33602
shustat@phelps.com

Elias Muawad  
Law Offices of Elias Muawad, P.C.  
36700 Woodward Avenue, Ste. 209  
Bloomfield Hills, MI 48304  
elias@muawadpc.com  

Vinoo P. Varghese  
Esther Ann Nguonly  
Varghese & Associates, P.C.  
65 Broadway, 7th Floor  
New York, NY 10006  
vpv@vargheselaw.com  
en@vargheselaw.com  

Tristan Scott Cowperthwait  
Pullman & Comley, LLC  
850 Main Street, 8th Floor  
Bridgeport, CT 06601  
tscowperthwait@pullcom.com  

Isaac Garcia-Dale  
Dwyer & Brennan  
7 Dey Street, Ste. 1401  
New York, NY 10038  
igarciadale@dwyerpartnersllp.com  

Thomas E. Dwyer  
Dwyer Partners LLP  
One Broadway, 14th Floor  
Cambridge, MA 02142  
tdwyer@dwyerpartnersllp.com  

Joseph R. Arnone  
Arnone Law Offices  
22330 Greater Mack Avenue  
St. Clair Shores, MI 48080  
joseph@arnone-law.com  

Alessandra Deblasio  
Law Offices of Alessandra Deblasio  
40 Exchange Place, Ste. 2010  
New York, NY 10005  
adeblasio@earthlink.net  

Alex V. Hernandez  
Pullman & Comley, LLC  
4 Stamford Plaza  
107 Elm Street  
Stamford, CT 06902  
ahernandez@pullcom.com  

Emily Stern  
Scott Andrew Resnik  
Katten Muchin Rosenman, LLP  
575 Madison Avenue  
New York, NY 10022  
emily.stern@kattenlaw.com  
scott.resnik@kattenlaw.com  

Steven Leigh Kessler  
Law Offices of Steven L. Kessler  
122 East 42nd Street, Ste. 606  
New York, NY 10168  
stevenkessler@msn.com  

Joseph B. Schmit  
Phillips Lytle LLP  
437 Madison Avenue, 34th Floor  
New York, NY 10022  
jschmit@phillipslytle.com  

Christopher J. Clark  
Dewey & LeBoeuf LLP  
1301 Avenue of the Americas  
New York, NY 10019  
cjclark@dl.com

Joseph John D'Erasmo
Joseph J. D'Erasmo & Associates
103 North Adams Street
Rockville, MD 20850
joseph_derasmo@yahoo.com

Berge Setrakian
Kevin Walsh
Joshua David Arisohn
John Michael Hillebrecht
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020
Berge.Setrakian@dlapiper.com
kevin.walsh@dlapiper.com
john.hillebrecht@dlapiper.com
joshua.arisohn@dlapiper.com

Alexander Howard Benson
The Law Offices of Eisenberg, Benson & Fields, PLLC
2000 Town Center, Suite 1780
Southfield, MI 48075
abenson@ebflegal.com

Edward Hayum
Cozen O'Connor
45 Broadway, 16th Floor
New York, NY 10006
ehayum@cozen.com