UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
                              Plaintiff,                                :     11 Civ. 9186 (PAE)
              -v-                                                       :
                                                                        :     OPINION & ORDER
LEBANESE CANADIAN BANK SAL et al.,                                      :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

The United States moves for (1) leave to effect service of the Summons and Complaint in this matter by alternative means, upon defendants Lebanese Canadian Bank SAL, Ellissa Holding Company, and Hassan Ayash Exchange Company, and (2) issuance of letters rogatory as to the Republic of Lebanon, Togo, and Benin.  Specifically, the government seeks authority to effect service on LCB, Ellissa, and Ayash via service by mail on the respective counsel who have appeared for each entity in connection with *in rem* proceedings in this action.  LCB opposes the government's motion as to alternative service, but not as to letters rogatory.  Neither Ellissa nor Ayash submitted a response to the government's motion.  For the reasons that follow, the motion is granted in full.

**I.    Background**[1]

---

[1] The facts which form the basis of this Opinion are drawn from the parties' submissions in this matter, including: the Verified Complaint (Dkt. 1); the Government's Motion for Permission to Effect Service Through Alternative Means and Issuance of Letters Rogatory (Dkt. 227) ("Motion"); LCB's Opposition to the Government's Motion (Dkt. 252) ("Opp.").  Unless otherwise noted, the facts are not disputed.

On December 15, 2011, the United States brought this *in rem* forfeiture action and civil money laundering complaint against multiple Lebanese financial institutions, as well as against various United States-based used car purchasers. The action arises out of an investigation, conducted by the U.S. Drug Enforcement Agency and other federal law enforcement agencies, into an alleged scheme to launder money, through the U.S. financial system and the used car market, for the benefit of Hizballah, designated as a Foreign Terrorist Organization by the U.S. Department of State, based in Lebanon.

Defendants Lebanese Canadian Bank SAL ("LCB"), Ellissa Holding Company ("Ellissa"), and Hassan Ayash Exchange Company ("Ayash") are headquartered in Lebanon. Defendants Salhab Travel Agency ("Salhab") and STE Marco SARL ("Marco") are located in Togo. Defendant STE Nomeco SARL ("Nomeco") is located in Benin. Lebanon, Togo, and Benin are not parties to the Hague Service Convention. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, 658 U.N.T.S. 163 (Nov. 15, 1965) ("Hague Convention").

Between March 1 and March 7, 2012, copies of the Complaint, instructions for filing a claim in this action, and requests to waive formal service of process pursuant to Rule 4(d) of the Federal Rules of Civil Procedure were sent by commercial carrier to LCB, Ayash, and Ellissa at addresses in Lebanon. The packages sent to LCB and Ayash were delivered successfully; the packages sent to Ellissa were not delivered.

Between March 1 and March 7, 2012, copies of the Complaint, instructions for filing a claim in this action, and requests to waive formal service of process pursuant to Rule 4(d) were sent by commercial carrier to Salhab and Marco at addresses in Togo. The packages sent to

[2]

Salhab were not delivered successfully; Marco is reported to have refused to accept the packages.

Between March 6 and March 7, 2012, copies of the Complaint, instructions for filing a claim in this action, and requests to waive formal service of process pursuant to Rule 4(d) of the Federal Rules of Civil Procedure were sent by commercial carrier to Nomeco at an address in Benin.  The packages sent to Nomeco were delivered successfully.

On April 9, 2012, LCB filed a claim in the forfeiture action.  In its claim, LCB asserted: "Claimant's appearance is expressly restricted to the defense of this claim, and the Verified Claim does not constitute an appearance for any other purpose, nor does it confer jurisdiction over Claimant."  Dkt. 183.

In a letter dated April 12, 2012, the government requested additional time to serve LCB, Ayash, Ellissa, Salhab, Marco, and Nomeco, citing difficulties in perfecting service on those foreign entities.  The government represented that it had retained counsel in Lebanon to assist the government in serving the entities in Lebanon, identified counsel in Togo to assist in serving the entities in Togo, and engaged State Department representatives in Benin to locate local counsel to assist in serving Nomeco.

On April 13, 2012, Ayash and Ellissa filed claims in the forfeiture action.  In their claims, Ayash and Ellissa asserted: "Claimant's appearance is expressly restricted to the defense of this claim, and the Verified Claim does not constitute an appearance for any other purpose, nor does it confer jurisdiction over Claimant."  Dkts. 191 & 192.

On April 23, 2012, counsel for LCB entered a "restricted appearance" in this matter for the purpose of moving to dismiss the government's Verified Complaint for lack of *in rem* jurisdiction over its assets.[2]

On May 4, 2012, the government filed its motion to effect service on LCB, Ayash, and Ellissa through alternative means, and for the issuance of letters rogatory to Lebanon, Togo, and Benin. On May 18, 2012, LCB filed its opposition to the motion to effect service through alternative means; LCB does not oppose the government's motion for letters rogatory. Ayash and Ellissa did not submit a response to the government's motion.

Claims in this matter have been filed on behalf of LCB, all assets of Ayash, and all assets of Ellissa. Salhab, Marco, and Nomeco have not filed claims.

## II.      Legal Standard

Under Rule 4(f) of the Federal Rule of Civil Procedure, service may be effected upon individuals in foreign countries by any of three mechanisms: (1) "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention]"; (2) "by a method that is reasonably calculated to give notice," for example, "as the foreign authority directs in response to a letter rogatory"; and (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)–(3). Rule 4(h) provides that service of process on foreign corporations may be made in the same manner as on individual defendants under Rule 4(f).

---

[2] LCB's motion to dismiss is *sub judice*. *See* LCB's Mot. to Dismiss (Apr. 23, 2012) (Dkt. 200).

It is well established that "there is no hierarchy among the subsections in Rule 4(f)." *Advanced Aerofoil Techs., AG v. Todaro*, No. 11-cv-9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012). Rule 4(f)(3), which permits courts to allow service on a defendant in a foreign country by any "means not prohibited by international agreement," is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* (citing *Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002) (quotation marks and citation omitted)). The decision of whether to order service of process under Rule 4(f)(3) is "committed to the sound discretion of the district court." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (quotation marks and citations omitted). To obtain the Court's permission to utilize Rule 4(f)(3), plaintiffs must show that "the facts and circumstances of the present case necessitate . . . district court intervention." *Rio Int'l Interlink*, 284 F.3d at 1016 (citation omitted).

### III.    Discussion

The government seeks authority to effect service on LCB, Ellissa, and Ayash through service by mail on the respective counsel who have appeared for each entity in this action. LCB counters that its counsel properly entered a "restricted appearance" in the *in rem* action under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), thereby precluding the government from, effectively, capitalizing on that appearance as a means to obtain personal jurisdiction in this civil litigation.

The Supplemental Rules permit counsel to make restricted appearances with respect to certain types of *in rem* actions. Supplemental Rule E(8) provides:

> An appearance to defend against an admiralty and maritime claim with respect to which there has issued process *in rem* . . . may be expressly restricted to the defense of such claim, and in that event is not an appearance for the purposes of

>any other claim with respect to which such process is not available or has not been served.

Where Supplemental Rule E(8) applies, service as to *in personam* claims must be based on factors "unrelated to the restricted appearance" as to *in rem* claims. *Hall v. S.V. "Jackie O,"* No. 89-23, 1990 WL 198415, at *1 (D.V.I. Nov. 13, 1990).

LCB argues that the Court should not permit the government to effect service on *in rem* counsel for the defendants, because doing so would violate Supplemental Rule E(8). The Court disagrees, because Supplemental Rule E(8) does not apply here. Supplemental Rule E(8) applies only to appearances made "to defend against an admiralty and maritime claim." However, "Rule E(8), by its language and read in conjunction with other relevant Supplemental Rules, does not apply in civil forfeiture cases." *U.S. v. All Right, Title and Interest in Contents of Following Accounts at Morgan Guar. Trust Co. of N.Y.*, No. 95-cv-10929, 1996 WL 695671, at *14 (S.D.N.Y. Dec. 5, 1996) ("With respect to ordinary civil action[s] in which process has issued *in rem*, whether an appearance to defend the res constitutes a waiver of personal jurisdiction has been considered best left to case-by-case development.").

In this case, the government brings its claims based on the civil forfeiture statutes, not under admiralty or maritime laws. The cases on which LCB relies, by contrast, arise out of maritime claims. *See, e.g.*, *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 863 (9th Cir. 2005); *Custer v. M/V "Sea Bird,"* No. 08-61780, 2009 WL 901509 (S.D. Fla. Mar. 31, 2009). Indeed, LCB itself acknowledges that, under the Federal Rules of Civil Procedure, "the distinction between a special and general appearance has been abolished." Def. Opp. at 2. Those Rules apply here, and they do not provide for restricted appearances for the purposes of *in rem* claims where a defendant is also the subject of *in personam* claims in the same action.

In absence of any international agreement to the contrary, the issue is, then, whether service by delivery to the three defendants' U.S. counsel would comport with constitutional due process. Under the circumstances presented, the Court concludes that it would. LCB, Ellissa, and Ayash are demonstrably aware of the claims brought by the government. All three have retained counsel in order to contest the same allegations—albeit in the context of the *in rem* claims for property—that serve as the basis for the *in personam* claims. Finally, the government has represented—and LCB has not disputed—that counsel has necessarily consulted with their foreign entity clients with respect to the extent of their counsel's authority in this case. Under these circumstances, the Court is confident that authorizing such alternate service would not deprive these defendant entities of fair notice of this lawsuit.

In evaluating whether alternative service is "necessitate[d]", *Rio Int'l Interlink*, 284 F.3d at 1016, district courts in this Circuit have generally required: "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Devi v. Rajapaska*, No. 11-cv-6634, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012); *see, e.g.*, *Madu, Edozie & Madu*, 265 F.R.D. 106; *Prediction Co. v. Rajgarhia*, No. 09-cv-7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010); *SEC v. Anticevic*, No. 05-cv-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009).

The government has comfortably made those showings. First, it has taken reasonable steps to effect service on LCB, Ellissa, and Ayash: It mailed waiver of service packages (which were received by both LCB and Ayash) in March, and after counsel for the three entities made appearances in this action, it asked counsel of record to accept or waive service on the entities' behalf. In fact, the Court twice extended the deadline to effect service on these defendants based

[7]

on the government's representation that it was engaged in good-faith discussions with defense counsel in an effort to obtain a waiver of service. *See* Dkts. 233 & 257. Second, the Court's intervention is, clearly, necessary. Lebanon is not a party to the Hague Convention, and thus alternative methods of service otherwise available under Rule 4(f)(1) are unavailable here. *See, e.g.*, *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04-cv-9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (granting alternative service under Rule 4(f)(3) where defendant resided in Saudi Arabia, a non-party to the Hague Convention). Additionally, the government has already requested that the defendants' U.S. counsel accept or waive service on their behalf, but counsel declined to do so.

This action involves a large number of foreign and domestic entities. Many are subject to asset restraints pursuant to the Court's December 16, 2011, Restraining Order (Dkt. 2). Motion practice is underway (in some instances, resolved) as to some of these restraints. The Court intends to expedite this litigation, and to proceed to the merits of the government's claims as quickly as realistically possible, so as to minimize the harm worked by such restraints. Although it is possible that the government may eventually effect service under Rule 4(f)(2) via letters rogatory to Lebanon pursuant to this Opinion and Order, there is no assurance that that will happen soon. LCB has not made any persuasive argument as to why this Court should prevent the government from utilizing alternative service now, or why such service should wait until the letters rogatory process runs its course. Such service, and expedition of this consequential litigation, is clearly in the public interest and the interest of all parties, viewed collectively. Accordingly, because the government has shown that it has made all reasonable efforts to effect service on LCB, Ellissa, and Ayash, because alternative service on foreign entities is authorized by Rule 4(f), because alternative service is not prohibited by any international agreement, and

because the circumstances convincingly demonstrate that intervention by the Court is necessary and in the public interest, the Court grants the government's motion and authorizes both mechanisms of alternative service.

## CONCLUSION

Upon consideration of the motion by the United States for leave to effect service of the Summons and Complaint in this matter upon defendants Lebanese Canadian Bank, SAL, Ellissa Holding Company, and Ayash Exchange Company though their United States counsel via Federal Express, and for the issuance of letters rogatory to the appropriate judicial authorities of the Republics of Lebanon, Togo, and Benin for the service of the Summons and Complaint upon defendants Lebanese Canadian Bank SAL, Ellissa Holding Company, Hassan Ayash Exchange Company, Salhab Travel Agency, STE Marco SAL, and STE Nomeco SAL, it is hereby ordered that the motion is GRANTED.

It is hereby ordered that the Clerk of Court shall reissue a summons stating that the *in personam* defendants must serve their respective answers to the Complaint on or before July 6, 2012.

It is further ordered that certified copies of the (1) Complaint, (2) Summons, and (3) the Court's Individual Rules in Civil Cases (attached) be issued.

It is further ordered that the government serve via Federal Express certified copies of the documents set forth above on United States counsel in this action for defendants Lebanese Canadian Bank, SAL, Ellissa Holding Company, and Ayash Exchange Company.

It is, finally, ordered that letters rogatory are to issue, with one original to be retained in the Court's files, and another original to be certified by the Clerk and delivered to the Assistant

United States Attorney Jason H. Cowley for translation and transmittal through suitable channels to the appropriate judicial authorities in the Republics of Lebanon, Togo, and Benin.

SO ORDERED.

                                                                                    *Paul A. Engelmayer*
                                                                              Paul A. Engelmayer
                                                                              United States District Judge

Dated: June 6, 2012
       New York, New York

Revised: October 5, 2011

## INDIVIDUAL RULES AND PRACTICES IN CIVIL CASES
## Paul A. Engelmayer
## United States District Judge

**Chambers**
United States District Court
Southern District of New York
500 Pearl Street, Room 670
New York, NY 10007

**Courtroom**
Courtroom 18C
500 Pearl Street
June Hummel, Courtroom Deputy
(212) 805-4893

**Unless otherwise ordered by Judge Engelmayer, these Individual Practices apply to all civil matters except for civil *pro se* cases.**

1. **Communications with Chambers**

   **A. Letters.** Except as provided below, communications with Chambers shall be by letter, with copies simultaneously delivered to all counsel. Letters should not be filed electronically; instead, they should simply be mailed to Chambers or hand-delivered in the manner specified below. Copies of correspondence among counsel shall not be sent to the Court. Letters should identify the name and docket number of the case.

   **B. Telephone Calls.** For docketing, scheduling, and calendar matters, call Ms. June Hummel, Courtroom Deputy, at (212) 805-4893. Otherwise, telephone calls to Chambers are permitted only for urgent matters requiring the Court's immediate attention. In such situations, call Chambers at (212) 805-0268.

   **C. Faxes.** Faxes to Chambers are not permitted except with the prior authorization of Chambers, which will be given only in rare, urgent circumstances. In such situations, faxed submissions must clearly identify the person in Chambers who authorized the sending of a fax, and copies must be simultaneously faxed or delivered to all counsel.

   **D. Hand Deliveries.** Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Courthouse and may not be brought directly to Chambers. Hand deliveries are continuously retrieved from the Worth Street entrance by Courthouse mail staff and then forwarded to Chambers. However, if the hand-delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

   **E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and should state: (1) the original due date, the date or dates sought to be extended, and the new date the party now seeks through an adjournment or extension, (2) the number of previous requests for adjournment or extensions of time, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if

1

not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached. Absent extraordinary circumstances, requests for extensions will be denied if not made before the expiration of the original deadline. If the request is for an adjournment of a court appearance, absent an emergency, the request shall be made at least two business days prior to the scheduled appearance.

**F. Preservation of Letters.** Letters to the Court are not ordinarily docketed. If a party wishes to preserve such letters for the record on appeal, it must submit a written request to the Court within ten days of closure of the case.

**G. Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing, as well as the docket number of the case to which it is related (*e.g.*, 11 Civ. 1234 [rel. 10 Civ. 4321]).

2. **Conferences**

   **A. Attendance by Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

   **B. Initial Case Management Conference.** The Court expects to hold a Fed. R. Civ. P. 16(c) conference no more than three months after the filing of a complaint. The Notice of Initial Pretrial Conference will be docketed on ECF; plaintiff's counsel is directed to notify all counsel of this Order forthwith and to confirm to the Courtroom Deputy that all counsel will attend the conference on the designated date and time. This Notice will, *inter alia*, direct the parties to submit a proposed Civil Case Management Plan and Scheduling Order to the Court at least three business days prior to the conference date. Prior to the conference date, one courtesy copy of the pleadings should be sent to Chambers.

   **C. Discovery Disputes.** Follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may write a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must do so within three business days and should call Chambers promptly to advise that a responsive letter will be forthcoming. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, including by telephone conference call.

3. **Motions**

   **A. Pre-Motion Conferences in Civil Cases.** Pre-motion conferences are not required, except for motions concerning discovery, which are governed by Section 2.C above, and for summary judgment motions, which are governed by Section 3.G below.

**B. Memoranda of Law.** The Court encourages and appreciates brevity. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda of law shall be in 12-point font or larger and be double-spaced. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit. All appendices to memoranda of law must be tabbed and indexed.

**C. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

**D. Courtesy Copies.** Two courtesy copies of all motion papers, marked as such, should be submitted by the movant at the time the reply is served.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F. Motions to Dismiss.** When a motion to dismiss is filed, the non-moving party must, within ten days of receipt of the motion, notify the Court and its adversary in writing whether (1) it intends to file an amended pleading and when it will do so, or (2) it will rely on the pleading being attacked. If the non-moving party elects not to amend its complaint, no further opportunities to amend will be granted and the motion to dismiss will proceed in the regular course. This provision does not alter the time to file a response in the Fed. R. Civ. P. or Local Rules. If the party amends, the opposing party may then (a) file an answer; (b) file a new motion to dismiss; or (c) submit a letter stating that it relies on the initially-filed motion to dismiss.

**G. Motions for Summary Judgment.** A pre-motion conference must be requested before the filing of a motion for summary judgment. To arrange a pre-motion conference, the moving party shall submit a letter, not to exceed three pages in length, setting forth the basis for the anticipated motion. Other parties shall respond similarly within three business days. Once the Court is ready to schedule a pre-motion conference, the parties will be contacted in order to schedule the pre-motion conference on a mutually convenient date.

**H. Failure of the Court to Schedule Argument or Decide a Motion.** If a motion is not decided within 60 days of the time that it has become fully briefed, counsel for the movant shall send a letter to alert the Court.

**I. Preliminary Injunction Motions.** The Court generally follows the procedure for the conduct of non-jury trials described in Section 5.C below.

**J. Default Judgments.** A plaintiff seeking a default judgment must proceed by way of an order to show cause pursuant to the procedure set forth in Attachment A.

**4. Other Pretrial Guidance**

**A. Redactions and Filing Under Seal.** Any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, must make a specific request to the Court by letter explaining the reasons for seeking to file that submission

3

under seal. The party must attach to its letter: (1) one full set of the relevant document(s) in highlighted form (i.e., with the words, phrases, or paragraphs to be redacted highlighted); and (2) one partial, looseleaf set of solely those pages on which the party seeks to redact material. Upon receiving these documents, the Court will individually review the proposed redactions. Chambers will file under seal the unredacted pages for which the Court has approved redactions, and the party shall then file the redacted version of the document(s) on ECF.

**B. Settlement Agreements.** The Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record. The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

**C. Diversity Jurisdiction Cases.** In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, submit to the Court a letter no longer than two pages explaining the basis for that party's belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

**D. Bankruptcy Appeals.** Briefs must be submitted in accordance with Fed. R. Bankr. P. 8009-10. Counsel may extend the default deadlines by stipulation submitted to the Court no later than two business days before the brief is due.

5. **Trial Procedures**

    **A. Joint Pretrial Order.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery, the parties shall submit to the Court a proposed joint pretrial order, which shall include the following:
    i.   The full caption of the action;
    ii.  The names, law firms, addresses, and telephone and fax numbers of trial counsel;
    iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;
    iv.  A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter;
    v.   A statement as to the number of trial days needed and regarding whether the case is to be tried with or without a jury;
    vi.  A statement as to whether or not all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;
    vii. Any stipulations or agreed statements of fact or law to which all parties consent;

      viii.    A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

      ix.    A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party; and

      x.    A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B. Required Pretrial Filings.** Each party shall file and serve with the joint pretrial order:

      i.    In all cases, motions addressing any evidentiary issues or other matters which should be resolved *in limine*;

      ii.    In all cases where a party believes it would be useful to the Court, a pretrial memorandum of law;

      iii.    In jury cases, requests to charge and proposed *voir dire* questions; and

      iv.    In non-jury cases, proposed findings of fact and conclusions of law. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions.

**C. Additional Submissions in Non-Jury Cases.** At the time the joint pretrial order is filed, each party shall submit to the Court and serve on opposing counsel, but not file on ECF, the following:

      i.    Copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need to appear at trial. The original signed affidavits should be brought to trial to be marked as exhibits;

      ii.    All deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition. Each synopsis shall include page citations to the pertinent pages of the deposition transcripts;

      iii.    All deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition. Each synopsis shall include page citations to the pertinent pages of the deposition transcripts; and

      iv.    All documentary exhibits.

**D. Filings in Opposition.** Any party may file the following documents within one week after the filing of the pretrial order, but in no event less than two days before the scheduled trial date:

      i.    Objections to another party's requests to charge or proposed *voir dire* questions;

      ii.    Opposition to any motion *in limine*; and

      iii.    Opposition to any legal argument in a pretrial memorandum.

**E. Courtesy Copies.** Two courtesy copies of all documents identified in Sections 5.A, B, C.i–ii, and D above should be submitted to Chambers on the date on which they are to be served or

filed. Only one set of documentary exhibits is required. Voluminous material may be organized either in binders or manila file folders, but in any event, the courtesy copies shall be separately arranged into two independent sets.

**F. Trial Schedule.** Trials will generally be conducted Monday through Thursday from 9:00 a.m. to 5:00 p.m., with lunch from 12:45 p.m. to 2 p.m.

6. **Policy on the Use of Electronic Devices**

   **A. Mobile Phones and Personal Electronic Devices.** Attorneys' use of mobile phones, Blackberries, and other personal electronic devices within the Courthouse and its environs is governed by Standing Order M10-468. Any attorney wishing to bring a telephone or other personal electronic device into the Courthouse must be a member of this Court's Bar, must obtain the necessary service pass from the District Executive's Office, and must show the service pass upon entering the Courthouse. **Mobile phones are permitted inside the Courtroom, but must be kept turned off at all times.** Non-compliance with this rule will result in forfeiture of the device for the remainder of the proceedings.

   **B. Computers, Printers, or Other Electronic Equipment.** In order for an attorney to bring into the Courthouse any computer, printer, or other electronic equipment not qualifying as a "personal electronic device," specific authorization is required by prior Court Order. Any party seeking to bring such equipment into the Courthouse should send a letter to Chambers at least 10 business days in advance of the relevant trial or hearing requesting permission to use such equipment. The request letter shall identify the type(s) of equipment to be used and the name(s) of the attorney(s) who will be using the equipment. Chambers will coordinate with the District Executive's Office to issue the Order and forward a copy to counsel. The Order must be shown upon bringing the equipment into the Courthouse.

## ATTACHMENT A

### DEFAULT JUDGMENT PROCEDURE

1. Prepare an Order to Show Cause for default judgment and make the Order returnable before Judge Engelmayer in Courtroom 18C. Leave blank the date and time of the conference. Judge Engelmayer will set the date and time when he signs the Order.

2. Provide the following supporting papers with the Order to Show Cause:

    a.  an attorney's affidavit setting forth:
        (i)   the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;
        (ii)  the procedural history beyond service of the summons and complaint, if any;
        (iii) whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;
        (iv)  the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and
        (v)   legal authority for why an inquest into damages would be unnecessary.

    b.  a proposed default judgment.
    c.  copies of all of the pleadings.
    d.  a copy of the affidavit of service of the summons and complaint.
    e.  if failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

3. Take the Order to Show Cause and supporting papers to the Orders and Judgments Clerk (Room 240, 500 Pearl Street) for initial review and approval.

4. After the Orders and Judgments Clerk approves the Order to Show Cause, bring all of the papers to Chambers (Room 670, 500 Pearl Street) for the Judge's signature. Also bring a courtesy copy of the supporting papers to leave with Chambers.

5. After the Judge signs the Order, serve a conforming copy of the Order and supporting papers on the defendant. (Chambers will retain the original signed Order for docketing purposes, but will supply you with a copy. You may also print a copy of the signed Order from the CM/ECF system after the Order has been docketed.)

6. Prior to the return date, file through the CM/ECF system: (1) an affidavit of service, reflecting that the defendant was served with a conforming copy of the Order and supporting papers; and (2) the supporting papers. (The signed Order itself will be scanned and docketed by Chambers.)

7. Prior to the return date, take the proposed judgment, separately backed, to the Orders and Judgments Clerk (Room 240, 500 Pearl Street) for the Clerk's approval. The proposed judgment, including all damage and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the Judge's signature.