UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
                                        Plaintiff,        :          11 Civ. 9186 (PAE)
                          -v-                             :
                                                          :          OPINION & ORDER
LEBANESE CANADIAN BANK SAL et al.,                        :
                                                          :
                                        Defendants.       :
                                                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

A & J Auto Sales Inc. ("A&J") and Car UZD and Mid Overseas Inc. ("UZD") jointly petition

the Court to set aside the order for accounting contained in the Court's December 16, 2011,

Restraining Order.  The government opposes that motion.  For the reasons that follow, the

motion is denied.

I.      **Background**

On December 15, 2011, the United States brought this *in rem* forfeiture action and civil

money laundering complaint against multiple Lebanese financial institutions, as well as against

various United States-based used car purchasers.  The action arises out of an investigation by the

U.S. Drug Enforcement Agency and other federal law enforcement agencies into a scheme to

launder money, through the U.S. financial system and the used car market, for the benefit of

Lebanon-based Hizballah, which has been designated as a Foreign Terrorist Organization by the

U.S. Department of State.

On December 16, 2011, the Hon. Richard J. Holwell, to whom this case was originally

assigned, issued a post-Complaint Restraining Order in order to preserve the availability of

property subject to forfeiture (Dkt. 2) ("Restraining Order").  The Restraining Order required, *inter*

*alia*, that each entity subject to the Order submit to the United States within 30 days (1) a list of assets and liabilities, and (2) a report of monthly income and expenses from January 2011 through the present.  *See* Restraining Order ¶ 5.

On January 23, 2012, A&J, an *in rem* defendant in this case, filed a motion to set aside the order for accounting contained in paragraph 5 of the Restraining Order (Dkt. 23).  On January 24, 2012, UZD, another *in rem* defendant, filed a motion to adopt A&J's motion (Dkt. 47).  On January 30, 2012, the government filed its opposition to the motion.  On February 8, 2012, A&J filed its reply in further support of its motion.[1]

The initial conference in this matter was originally scheduled for March 14, 2012.  By letter dated March 6, 2012, the government requested to adjourn the initial conference for 60 days to permit ongoing settlement negotiations with various defendants.  The Court adjourned the conference to May 4, 2012.  At the May 4 conference, the government requested, *inter alia*, that it be permitted to submit a sur-reply in opposition to A&J's motion.  The government asserted—and the Court agreed—that A&J's reply contained new arguments beyond those asserted in A&J's memorandum in support of its motion.  On May 10, 2012, the government submitted its sur-reply.

## II.   Discussion

In support of its motion to set aside the order of accounting, A&J argues that the Court's order directing it to (1) provide a list of assets and liabilities, and (2) report its income and expenses, "violates Defendant's privilege against self-incrimination." Def. Mot. 2 (Dkt. 23).  The

---

[1] Although UZD did not move to adopt A&J's reply brief, the Court construes UZD to have adopted all arguments in the reply brief as well.

relevant part of the Fifth Amendment provides: 'No person . . . shall be Compelled in any

criminal case to be a Witness against himself.' U.S. CONST. amend. V.  It is well settled that,

under the "collective entity" rule, Fifth Amendment protections against self-incrimination do not

extend to corporations.  *See, e.g.*, *Braswell v. United States,* 487 U.S. 99, 105 (1988) (noting that

prior cases had "settled that a corporation has no Fifth Amendment privilege"); *Louis Vuitton*

*Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 92 n.5 (2d Cir. 2012) ('a corporation may not refuse

to . . . turn over corporate records, on the grounds that such acts may tend to incriminate it').

A&J does not dispute that Fifth Amendment privilege does not extend to corporations

generally.  Rather, it relies on the fact that A&J is wholly owned by a non-party individual,

Ahmad Issa, who is both President of A&J its only employee.  A&J asserts that any documents

produced in the name of A&J would necessarily be produced by Issa individually.[2]  Thus, A&J

argues, the collective entity rule does not apply here, and the Fifth Amendment privilege against

self-incrimination does, because disclosures by A&J are, functionally, disclosures by Issa.  The

Court disagrees.

The Second Circuit has long held that even if a corporation is "essentially a one-man

operation," the Fifth Amendment privilege against self-incrimination is not available.  *In re Two*

*Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52, 54 (2d Cir. 1985).  In *In re Two Grand Jury*

*Subpoenae*, the custodian of the corporate records at issue made an argument very similar to the

one that A&J makes here, namely: "[T]o compel the corporation to produce its records is to

---

[2] UZD has not represented whether it is, like A&J, owned and operated by a single individual.
However, because the Fifth Amendment does not extend to corporations, regardless of size,
information as to UZD's corporate structure is immaterial for the purposes of this motion.

compel [the custodian of the records] to act to incriminate himself because the corporation is so closely identified with [the individual]," and the very act of production would incriminate him personally. *Id.* at 58. However, the Second Circuit rejected that argument. It stated, bluntly: "There simply is no situation in which the fifth amendment would prevent a corporation from producing corporate records, for the corporation itself has no fifth amendment privilege." *Id.* at 57; *see also In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 158 (2d Cir. 2010) (reaffirming *In re Two Grand Jury Subpoenae*, noting that it "appears to resolve the issue" as to corporations wholly owned and operated by a single individual).

Accordingly, in the Second Circuit, "the custodian of corporate records, who acts as a representative of the corporation, cannot refuse to produce corporate records on Fifth Amendment grounds." *In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d at 158 (citing *Bellis v. United States*, 417 U.S. 85, 90 (1974)). The Court of Appeals has noted that, where a corporation has only one individual authorized to act on its behalf, the corporation may "produce the records by supplying an entirely new agent who has no previous connection with the corporation that might place him in a position where his testimonial act of production would be self-incriminating." *United States v. Barth*, 745 F.2d 184, 189 (2d Cir. 1984), *cert. denied,* 470 U.S. 1004 (1985). However, whatever the mechanism utilized to effect production, even corporations wholly owned or controlled by a single individual cannot, under Second Circuit law, invoke the Fifth Amendment privilege to avoid a production obligation. Accordingly, Issa's privilege does not extend to A&J's corporate documents, and A&J's motion to set aside the order for accounting is, therefore, denied.

[4]

## CONCLUSION

For the reasons stated herein, A&J's motion to set aside the accounting provision in paragraph 5 of the December 16, 2011 Restraining Order is hereby DENIED.  A&J and UZD are hereby directed to submit all documents necessary to comply with paragraph 5 of the Restraining Order by July 13, 2012.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 14, 2012
       New York, New York

[5]