UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
UNITED STATES OF AMERICA,         11 Civ. 9186 (PAE)
                                                             :
          Plaintiff,
                                                             :
      - v. -
                                                             :
LEBANESE CANADIAN BANK SAL, et
al.,                                                         :

          Defendants,              :

ALL ASSETS OF LEBANESE                                       :
CANADIAN BANK SAL, et al.,
                                                             :
          Defendants in rem.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANT A&J AUTO SALE INC.'S MOTION TO DISMISS

                               PREET BHARARA
                               United States Attorney for the
                               Southern District of New York
                               Attorney for the United States of America

SHARON COHEN LEVIN
ALEXANDER J. WILSON
JASON H. COWLEY
MICHAEL D. LOCKARD
Assistant United States Attorneys
- Of Counsel -

The Government respectfully submits this memorandum of law in opposition to the motion of Claimant A&J Auto Sale Inc. ("A&J") to dismiss the Complaint in this action for lack of personal jurisdiction (the "Motion").[1] A&J argues that the Court does not have personal jurisdiction over A&J. A&J is not, however, an *in personam* defendant in this action. Rather, the assets of A&J are an *in rem* forfeiture defendant, due to their alleged involvement in a global scheme to launder criminal proceeds through the United States financial system and the United States used car market. Personal jurisdiction over A&J is therefore irrelevant to this action,[2] and accordingly the Motion should be denied.

## BACKGROUND

On December 15, 2011, the United States commenced this action by filing a verified complaint (the "Complaint") seeking, *inter alia*, forfeiture of the assets of various car buyers, including A&J. On December 16, 2011, the Court issued a post-complaint restraining order (the "Restraining Order"), which specifically provided for the restraint of all assets of A&J, and all funds traceable thereto. (Restraining Order, Exhibit A, ¶ 1).

The Complaint alleges that, as part of the money laundering scheme, funds were transferred from Lebanon to car buyers, like A&J, in the United States in order to purchase used cars, which were then shipped to West Africa and sold for cash. Cash proceeds of these car sales were then transferred, along with the proceeds of narcotics trafficking and other crimes, to Lebanon. Funds wired from Lebanon as part of the money laundering scheme passed through correspondent bank accounts in the United States, including banks in the Southern District of New York, before being routed to the car buyers. (*See* Complaint, ¶ 54). A&J received more

---

[1] The Motion was originally filed by Global Shipping Services, Inc., which has since entered into a settlement with the Government and been terminated as a party to this action. A&J joined in the Motion on March 14, 2012.
[2] Even were personal jurisdiction required, A&J voluntarily subjected itself to the Court's jurisdiction when it filed a claim in this action on January 23, 2012.

than $10 million in wire transfers related to the purchase of used cars from persons or entities identified as participants in the money laundering scheme.  (Id. ¶ 78).

## ARGUMENT

The Complaint does not allege *in personam* claims against A&J.  Rather, the Government alleges *in rem* claims against A&J's assets, asserting "jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355."  (Id. ¶ 10).  Title 28, United States Code, Section 1345, provides that, "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]"  28 U.S.C. § 1345. Title 28, United States Code, Section 1355(b)(1)(A), provides, that  "A forfeiture action or proceeding may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred[.]"  The Second Circuit has made clear that Section 1355 "conferred *in rem* jurisdiction on district courts in forfeiture proceedings with respect to property located within another judicial district in the United States." *United States v. All Funds on Deposit in any Accounts Maintained in Names of Meza or De Castro*, 63 F.3d 148, 152 (2d Cir. 1995).  Here, among the acts giving rise to the forfeiture action is the transfer of illicit funds from Lebanon to the car buyers through the Southern District of New, and so this matter was properly brought in the Southern District of New York.  Further, it is undisputed that the assets of A&J are located within the United States.

The Court, therefore, has the requisite *in rem* jurisdiction over this action, and A&J's arguments based on the purported lack of personal jurisdiction are totally inapposite. Accordingly, the Motion is meritless and should be denied.

Dated: June 25, 2012
      New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

By:               /s/_____
                              SHARON COHEN LEVIN
                              ALEXANDER J. WILSON
                              JASON H. COWLEY
                              MICHAEL D. LOCKARD
                              Assistant United States Attorneys
                              One Saint Andrew's Plaza
                              New York, New York 10007
                              Tel. (212) 637-2453
                              Fax (212) 637-0421

**Certificate of Service**                                                                                          **Electronically**

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, he served or caused to be served the following document in the manner indicated:

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANT A&J AUTO SALE INC.'S MOTION TO DISMISS**

Via ECF upon the following attorneys:

    All Counsel of Record

Dated:  June 25, 2012
         New York, New York

                                                        /s/ A.J.W.
                                                       Alexander J. Wilson