USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/3/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                     :

        Plaintiff,                           :   STIPULATION AND ORDER
                                                 OF SETTLEMENT
    - v. -                                   :
                                                 11 Civ. 9186 (PAE)
LEBANESE CANADIAN BANK SAL, et al.,          :

        Defendants;                          :

ALL ASSETS OF LEBANESE CANADIAN BANK          :
SAL OR ASSETS TRACEABLE THERETO, et
al.,                                          :

        Defendants *in rem*.                 :
- - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about December 15, 2011, a verified complaint, 11 Civ. 9186 (RJH) (the "Complaint") was filed in the United States District Court for the Southern District of New York seeking the forfeiture of certain properties pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (a)(1)(C), and seeking civil money laundering penalties pursuant to Title 18, United States Code, Section 1956 against certain parties;

        WHEREAS, the defendants *in rem* in this action include all assets of Autorama, Inc. (the "Defendant Property");

        WHEREAS, the Complaint alleges that the Defendant Property (a) constitutes or was derived from proceeds traceable to violations of executive orders and regulations issued pursuant to the International Emergency Economic Powers Act of 1977 ("IEEPA"), codified at 50 U.S.C. §§ 1701-1705; and (b) constitutes property involved in money laundering

transactions and attempted money laundering transactions in violation of Sections 1956 and 1957, to wit, transactions and attempted transactions intended to conceal and disguise the true source, nature, ownership, and control of proceeds of IEEPA violations and narcotics transactions;

WHEREAS, on or about December 15, 2011, the United States District Court for the Southern District of New York issued a restraining order prohibiting the transfer or dissipation of, among others, the Defendant Property (the "Restraining Order");

WHEREAS, on or about December 15, 2011, the United States provided notice of the filing of the Complaint to Autorama, Inc.;

WHEREAS, Autorama, Inc. has filed a claim for the Defendant Property;

WHEREAS, Autorama, Inc. and its sole owner, Huss Cheayto, have represented to the Government that the Autorama, Inc. and Huss Cheayto did not know or have reason to know of the matters alleged in the Complaint, including allegations of a scheme to launder proceeds of IEEPA violations and narcotics transactions through the United States used car market;

WHEREAS, Autorama, Inc., admitting no wrongdoing in connection herewith, has agreed to settle this matter; therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, through its attorney, Preet Bharara, United States Attorney for the Southern District of New York, Jason H. Cowley, Assistant United States Attorney, of counsel, and Autorama, Inc. as follows:

1. Autorama, Inc. and its officers, directors, shareholders, subsidiaries, and affiliates, including but not limited to Huss Cheayto, ("Claimant") acknowledge that each has been made aware of allegations of a scheme to launder the proceeds of violations of IEEPA and proceeds of narcotics transactions through the United States used car market as set forth in the Complaint, including through the purchase of used cars in the United States, their subsequent shipment to West Africa, their sale, the commingling of the proceeds of those sales with narcotics proceeds, and transportation of those funds into Lebanon; and allegations that Hizballah members and supporters are involved at various points in the money laundering scheme.

2. Claimant shall forfeit to the United States for disposition according to law (1) all funds on deposit in account no. 42-4456-3131 at PNC Bank, held in the name of AutoRama Srvice Center, Inc. (the "Forfeited Funds"). PNC Bank, upon being provided a copy of this Stipulation and Order shall issue a check in the amount of the Forfeited Funds payable to the United States

Marshals Service, Southern District of New York, and send such check to the address below:

> United States Attorney's Office
> c/o Christina Muniz-LoPresti
> One Saint Andrews Plaza
> Asset Forfeiture Unit – 3rd Floor
> New York, NY 10007.

3. Claimant shall immediately adopt the following remedial measures:

a. Claimant shall not enter into any transactions with any party who Claimant has reason to believe is affiliated with Hizballah.

b. Claimant shall implement the Anti-Money Laundering Guidelines, including the "know your customer" due diligence policies, set forth in Exhibit A (the "AML Guidelines") in order to ensure that Claimant complies with all executive orders and regulations issued pursuant to the International Emergency Economic Powers Act.

c. Claimant shall comply with the records retention and access policy set forth in Exhibit A.

4. Upon entry of this Stipulation and Order and payment of the Forfeited Funds as set forth in Paragraph 2, (a) the claims in the Complaint for forfeiture of the Defendant Property shall be dismissed and (b) the Restraining Order shall be amended so as to no longer apply to the Defendant Property.

5. The United States' agreement to and the Court's approval of this Stipulation is expressly premised upon the truthfulness, accuracy, and completeness in every material part of the records provided and representations made by the Claimant and Huss Cheayto to the United States. If, upon motion by the United States, this Court finds that any of such records or representations made failed to disclose material information or misrepresented material facts, the United States may request that the Court vacate this Stipulation and Order. In the event this Stipulation and Order is vacated pursuant to this paragraph, the Claimant agrees to the forfeiture of funds equal to the value of assets presently under restraint in this action.

6. Claimant shall immediately implement the remedial measures set forth in Paragraph 3, specifically, the AML Guidelines (including the know-your-customer measures and record retention and access requirements therein). If, upon motion by the United States, this Court finds that the Claimant has failed to comply with these remedial measures, the United States may request that the Court vacate this Stipulation and Order. In the event this Stipulation and Order is vacated pursuant to this paragraph, the Claimant agrees to the forfeiture of funds equal to the value of assets presently under restraint in this action.

7. Claimant is hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY")) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property, including, without limitation, any claim that the United States did not have probable cause to seize, restrain, and/or forfeit the Defendant Funds, that the Claimant is a prevailing party or that the Claimant is entitled to attorney's fees or any award of interest.

8. Claimant represents that it is the sole owner of the Defendant Property and agrees to hold harmless the United States and any and all of its agents and employees (including, without limitation, the DEA, FBI, and the USAO-SDNY) from any and all claims, including, without limitation, third-party claims, in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property.

9. Claimant waives all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

10. This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Claimant or of the plaintiff United States or any of their respective agents, officers or employees, past and present. Further, this Stipulation and Order shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and the Claimant.

11. Each party shall bear its own costs and attorney fees.

12. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____     7/2/12
    Jason H. Cowley                                DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2479

Autorama, Inc.
_____                 6/28/12
Huss Cheayto                                   DATE
President

_____                 6/28/12
Bradley S. Defoe                               DATE
Varnum Law Firm
39500 High Pointe Boulevard, Suite 350
Novi, Michigan 48375
(248) 567-7400

Counsel for Autorama, Inc.

SO ORDERED:

*Paul A. Engelmayer*                           7/3/2012
_____                 DATE
The Honorable Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE

*Defendant Autorama is hereby terminated from the above-captioned action. This Order does not close this case.*

8

# Exhibit A

## Exhibit A to Stipulation and Order of Settlement

### Anti-Money Laundering Guidelines

1. With respect to any customer who purchases vehicles from Claimant for shipment to a foreign country, Claimant shall, prior to conducting business with such customer, conduct appropriate "know your customer" due diligence, which shall include ascertaining the following:

    (a) The address of the customer's principal place of business;

    (b) The countries in which the customer conducts business; and

    (c) The type(s) of business in which the customer engages.

Claimant shall also affirmatively ask each customer whether that customer maintains any ties or affiliations with Hizballah.

2. With respect to any transaction in which Claimant buys or sells vehicles for shipment to a foreign country, Claimant shall only accept payment in connection with such transaction from funds originating from (a) the country to which the goods are shipped, or (b) the country where the Claimant's customer has its principal place of business.

3. With respect to any transaction in which Claimant is paid in whole or in part with currency, Claimant shall properly file IRS Form 8300s and any other required cash reporting documents.

4. With respect to any transaction in which Claimant buys or sells vehicles for shipment to a foreign country, Claimant shall only accept payment in connection with such transaction from Claimant's customer, and shall not accept payment from a third party.

5. Claimant shall not permit third parties to (a) operate under the business name of the Claimant; (b) cause or conduct financial transactions using the Claimant's bank accounts; or (c) conduct business pursuant to a license issued to Claimant.

6. Claimant shall not open bank accounts for third parties under Claimant's business name.

7.      Claimant shall keep and maintain records for all transactions involving the shipment of vehicles to a foreign country and/or international transfers of funds (both sent and received) for five years, including know-your-customer and due diligence records as described above, and shall make such records available to the United States Attorney's Office for the Southern District of New York upon request.

8.      Claimant shall not enter into any transactions with any customer who Claimant has reason to believe is affiliated with or does business with Hizballah, or who Claimant has reason to believe is involved in narcotics trafficking or money laundering or does business with individuals or entities involved in narcotics trafficking or money laundering.