UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

                       Plaintiff,

        -v-

LEBANESE CANADIAN BANK SAL et al.,

                       Defendants.

------------------------------------------------------------X

11 Civ. 9186 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

A & J Auto Sales Inc. ("A&J") moves to dismiss the Complaint in this action for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). The government opposes that motion. For the reasons that follow, the motion is denied.

I. **Background**

On December 15, 2011, the United States brought this *in rem* forfeiture action and civil money laundering complaint against multiple Lebanese financial institutions, as well as against various U.S.-based used car purchasers. The action arises out of an investigation by the U.S. Drug Enforcement Agency and other federal law enforcement agencies into a scheme to launder money, through the United States financial system and the used car market, for the benefit of Lebanon-based Hizballah, which has been designated as a Foreign Terrorist Organization by the U.S. Department of State. The Complaint alleges that, as part of the money-laundering scheme, funds were transferred from financial institutions in Lebanon to car buyers in the United States. The Complaint further alleges that these United States car buyers used these funds to purchase used cars, and subsequently shipped those cars to West Africa, where they were sold for cash.

The proceeds of those sales were then allegedly transferred, along with proceeds of narcotics trafficking and other crimes, back to Lebanon.

The government alleges that A&J is one of these United States car buyers. It alleges that A&J received more than $10 million in wire transfers—through accounts of banks in the Southern District of New York—arising out of the purchase of cars from entities identified in the Complaint as alleged participants in this money laundering scheme.

On February 12, 2012, Global Shipping Services, Inc. ("Global Shipping"), an *in rem* defendant in this case, filed a motion to dismiss the Complaint for lack of personal jurisdiction (Dkt. 80).

On March 22, 2012, A&J, also an *in rem* defendant, filed a motion to join in the argument and relief sought by Global Shipping's motion (Dkt. 154). On May 7, 2012, following the May 4, 2012 initial pretrial conference, the Court issued a Scheduling Order which set a consolidated briefing schedule for all motions to dismiss filed by defendants in this case (Dkt. 232).

On May 16, 2012, Global Shipping and the government executed a stipulation of settlement, which was subsequently endorsed by the Court. *See* Dkt. 248. The order terminated Global Shipping's motion, and dismissed Global Shipping from this case.

On June 25, 2012, the government filed its opposition to A&J's remaining motion. The May 7 Order set July 6, 2012 as the deadline for all replies in further support of motions to dismiss. A&J did not submit a reply brief.

## II. Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)

A&J argues that the government has failed to establish that this Court has personal jurisdiction over A&J because it has not adequately alleged (1) minimum contacts in the State of New York, (2) that SDNY has specific or general jurisdiction over A&J, or (3) jurisdiction by means of the New York long-arm statute. A&J represents that it is incorporated under the laws of Michigan, and that its principal and exclusive place of business is within the State of Michigan. *See* Affidavit of Ahmad Issa ¶ 4 (Dkt. 154-2). A&J further represents that it does not employ any individuals in the State of New York, that it does not work with any agents in the State of New York, that it does not own any property in the State of New York, and that it does not maintain any banking or financial accounts in the State of New York. *Id.* ¶¶ 9–13.

However, the Complaint does not purport to assert jurisdiction on any of the grounds addressed by A&J in its motion. Indeed, it does not allege *in personam* claims against A&J. Instead, the government alleges only *in rem* claims against A&J's assets, asserting jurisdiction pursuant to 28 U.S.C. §§ 1345–55. Compl. ¶ 10. Under these circumstances, it is beside the point that A&J does not employ persons, work with agents, own property, or maintain bank accounts in New York.

Rather, 28 U.S.C. § 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States." 28 U.S.C. § 1345. Section 1355(b)(1)(A) provides that "[a] forfeiture action or proceeding may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture

[3]

occurred." *Id.* § 1355; *see also United States v. All Funds on Deposit in any Accounts Maintained in Names of Meza or De Castro*, 63 F.3d 148, 152 (2d Cir. 1995) (holding that § 1355 "conferred *in rem* jurisdiction on district courts in forfeiture proceedings with respect to property located within another judicial district in the United States") (citing *United States v. Contents of Account No. 2033301*, 831 F. Supp. 337, 340 (S.D.N.Y. 1993)). Section 1355 thus "lays jurisdiction in any venue where the seized property was 'brought' or 'found.'" *United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 104 (2d Cir. 2000) (citing 28 U.S.C. § 1395(b), (c)). Here, the Complaint alleges that the car buyers, including A&J, all received funds transferred from Lebanon through banks in the Southern District of New York. Accordingly, as to jurisdiction, the government has stated a claim that is plausible on its face sufficient to survive a motion to dismiss.

"Jurisdiction over a person is conceptually distinct from jurisdiction over the person's property." *India S.S. Co. v. Kobil Petroleum Ltd.*, 620 F.3d 160, 161 (2d Cir. 2010). The government has demonstrated that the Court has the requisite *in rem* jurisdiction over this action under federal law.

## CONCLUSION

For the reasons stated herein, A&J's motion to dismiss the Complaint for lack of personal jurisdiction is hereby DENIED.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 5, 2012
New York, New York

[4]