UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>          v.<br><br>LEBANESE CANADIAN BANK SAL, et al.,<br><br>                     Defendants;<br><br><br>ALL ASSETS OF LEBANESE CANADIAN BANK SAL, et al.,<br><br>                     Defendants-in-rem. | **SWORN CLAIM OF SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN S.A.L. ASSERTING INTEREST IN SEIZED PROPERTY**<br><br>11 Civ. 9186 |

COMES NOW, Société Générale de Banque au Liban S.A.L. ("SGBL"), without waiving any rights to contest the jurisdiction of this Court and for the limited purpose of advancing its Sworn Claim Asserting Interest in Seized Property pursuant to 18 U.S.C. §983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, hereby states as follows:

1. Société Générale de Banque au Liban S.A.L. ("SGBL") is a Commercial Bank headquartered in Beirut, Lebanon.

2. SGBL's activities are organized around three core businesses: retail, private and corporate banking.

1

3. As set forth in the attached Affidavit and Verification of Georges Saghbini, a duly authorized representative of SGBL, attesting the veracity of the facts stated herein, the undersigned are the attorneys for SGBL and have authority to submit this Sworn Claim Asserting Interest in Seized Property.

4. On or about June 22, 2011, SGBL entered into a sale and purchase agreement ("SPA") with the Lebanese Canadian Bank SAL ("LCB") to acquire certain assets and liabilities of LCB pursuant to the provisions of Article (10) of Lebanese Law number 192 dated 4/01/1993 (and its subsequent amendments) ("Law 192/93").On September 7, 2011 the Central Council of the Central Bank of Lebanon granted its final approval on the aforesaid acquisition pursuant to the provisions of Article (2.1) of Law 192/93 by a decision issued under number 1/27/11.

5. SGBL only finalized the purchase of certain assets and liabilities of LCB after a rigorous filtering process that eliminated any and all questionable accounts. Furthermore the parties agreed that the final valuation/purchase price adjustment would be determined by independent auditors.

6. Pursuant to the terms and conditions of the SPA, SGBL deposited approximately $150,000,000.00 as part of the Consideration pertaining to the acquired assets in an escrow account at a financial institution ("Escrow Bank") in Lebanon.

7. Pursuant to the terms and conditions of the SPA, SGBL retains certain rights, title and interests in the funds, subject to review of the transaction by two independent third parties, Price Waterhouse Coopers ("PWC") and KPMG.

8. SGBL understands that the funds held in the escrow account in which they assert an ownership interest have been seized from a U.S. correspondent account of the Escrow Bank by the United States pursuant to Title 18, United States Code, §981(k).

9. SGBL has advanced its right in the escrow funds through arbitration proceedings currently in progress in Lebanon.

10. An initial review by an independent third party has determined that SGBL is entitled to $60,000,000.00 plus interest in the amount of approximately $500,000.00 per month from January 1, 2013 – present of the escrow funds.

11. SGBL has made a further claim against the escrow funds of approximately $12,000,000.00 plus interest in the amount of $370,000.00 per month from January 1, 2013 – present.

12. SGBL has initiated arbitration consistent with the terms of the SPA for purposes of adjusting the deal valuation and purchase price in the above amounts and for the release of SGBL funds from the escrow.

13. SGBL is an "innocent owner" under 18 U.S.C. §983 (d) (6) (a) as SGBL retained their interest in those funds in the escrow account pursuant to the SPA, SGBL's interest in the funds was never waived nor relinquished prior to the commencement of this action, and thus at least a portion of the seized funds were and continue to be the property of SGBL and not of LCB.

14. SGBL's interest in at least a portion of the seized funds is superior to that of the United States ("Plaintiff") since the funds were the property of SGBL and

SGBL's interest in the funds was never waived nor relinquished at the time of the commencement of this forfeiture proceeding.

15. Therefore SGBL is the rightful owner and is entitled to exercise its rights to at least a portion of the seized escrow funds pursuant to its innocent owner status as set forth in 18 U.S.C. §983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Dated: March 4, 2013                ASHCROFT LAW FIRM, LLC

                                    By:   /s/ Michael J. Sullivan
                                          Michael J. Sullivan
                                          Ashcroft Sullivan, LLC
                                          Mass. BBO No. 487210
                                          1 Post Office Square, Suite 3750
                                          Boston, MA  02109
                                          (617) 573-9400
                                          MSullivan@AshcroftLawFirm.com
                                          *Admitted Pro Hac Vice*

## AFFIDAVIT AND VERIFICATION

I, Georges Saghbini, a duly authorized representative of Société Générale de Banque au Liban S.A.L. ("SGBL"), having fully reviewed the foregoing Sworn Claim Asserting Interest in Seized Property, hereby affirm and swear that the facts set forth in the Claim, including all attachments thereto, are truthful and accurate in every respect. SGBL's legal counsel, Michael J. Sullivan and Luis A. Reyes of the Ashcroft Law Firm, LLC, have full authority to represent SGBL in this proceeding. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Georges Saghbini
Assistant General Manager
Group Chief Financial Officer

## CERTIFICATE OF SERVICE

    I, Michael J. Sullivan, certify that this claim is being filed through the ECF system on March 4, 2013, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                              /s/ Michael J. Sullivan
                                              Michael J. Sullivan