```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,                :

        Plaintiff,                    :     **STIPULATION AND ORDER**

        - v. -                         :     11 Civ. 9186 (PAE)

LEBANESE CANADIAN BANK SAL, et al.,      :

        Defendants;                   :

ALL ASSETS OF LEBANESE CANADIAN          :
BANK SAL OR ASSETS TRACEABLE
THERETO, et al.,                         :

        Defendants *in rem*.          :
------------------------------------- x

    WHEREAS, on or about December 15, 2011, a verified Complaint, 11 Civ. 9186 (RJH) (the "Complaint") was filed in the United States District Court for the Southern District of New York seeking the forfeiture of certain properties pursuant to Title 18, United States Code, Section 981 (a) (1) (A) and (a) (1) (C), and seeking civil money laundering penalties pursuant to Title 18, United States Code, Section 1956 against certain parties, including Lebanese Canadian Bank, SAL ("LCB");

    WHEREAS, the defendants *in rem* in this action include all assets of LCB (the "Defendant Property");

    WHEREAS, on December 15, 2011, the Court issued a post-complaint restraining order pursuant to 18 U.S.C. § 983(j)(1) and Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture, prohibiting the transfer or dissipation of, among others, the Defendant Property (the "Restraining Order");

WHEREAS, the United States consents to the request of LCB to make certain payments for purposes related to (1) the orderly liquidation of LCB; and (2) legal expenses in this action;

WHEREAS, LCB has asserted that the account information for the LCB Accounts cannot be disclosed publicly due to Lebanese bank secrecy laws;

WHEREAS an inventory of the LCB Accounts, including current balances and account information has been provided to the United States Attorney's Office for the Southern District of New York and is contained in Schedules A through E to this Stipulation, which are being filed with the Court under seal;

WHEREAS, separate and apart from the LCB Accounts referenced above, LCB's Lebanese legal counsel, Mr. Carlos Abou Jaoude, Esq. of Abou Jaoude & Associates Law Firm (the "Bank's Lebanon Attorney"), holds and controls two escrow accounts the credit balance of which will be consolidated in one escrow account (the "Attorney Escrow Account") with a credit balance of LBP 9,715,186,782, and shall operate such account, jointly and/or separately with Ms. Souraya Machnouk, Esq. of Abou Jaoude & Associates Law Firm, for the sole purpose of making certain payments related to (1) the orderly liquidation of LCB; and (2) legal expenses in this action on the terms set forth herein;

WHEREAS an inventory of the Attorney Escrow Account has been provided to the United States Attorney's Office for the Southern District of New York and is contained in Schedules F and G to this Stipulation, which are being filed with the Court under seal; and

WHEREAS, LCB and the United States believe that the payments described above should be made via the Attorney Escrow Accounts controlled by the Bank's Lebanon Attorney;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, through its attorney, Preet Bharara, United States Attorney for the

Southern District of New York, Alexander Wilson, Assistant United States Attorney, of counsel, and Lebanese Canadian Bank, SAL, through its attorney of record, Evan T. Barr, Esq., as follows:

1. Notwithstanding the provisions of Paragraph 1 of the Restraining Order, LCB may transfer funds from the Attorney Escrow Account to pay for the following expenses:

   a. Reasonable expenses for office maintenance, including equipment repair and depreciation;

   b. Lease payments for Lot 21/1455, Atrium Building, Solidere, Beirut – Lebanon (380 m2 approximately of office space located in 2nd floor of the building).

   c. Social security payments as required by applicable law;

   d. Charges from courts in which LCB is involved in litigation;

   e. Corporate tax obligations under applicable law;

   f. Reasonable auditor fees;

   g. Reasonable legal fees and charges;

   h. Reasonable consultant fees; and

   i. Up to $10,000.00 per month in employee salaries.

2. To the extent necessary to make payments for the purposes set forth in Paragraph 1, a portion of the funds held in each LCB Account amounting to no more than the total interest income generated by such LCB Account after the date of this Stipulation and Order may be transferred from such LCB Account to the Attorney Escrow Account. Neither LCB nor the financial institutions at which the LCB Accounts are held, nor any other person or entity with knowledge of this Stipulation and Order shall take any action or cause any action to be taken

which would have the effect of reducing the amount of funds held in any LCB Account below the amount held in that LCB Account on the date of this Stipulation and Order.

3. Every three months, LCB shall submit a report to the United States setting forth the payments made pursuant to Paragraph 1 of this Stipulation and Order during the preceding three months. At the request of the United States, LCB shall provide supporting documentation to demonstrate that the reported payments were in fact made as reported, including but not limited to invoices and receipts from the recipient of each payment.

4. Except to the extent expressly set forth in Paragraphs 1 and 2, the Restraining Order shall remain in effect as to the Defendant Property unless modified or terminated by further order of the Court.

5. Schedules A through G to this Stipulation and Order shall be filed under Seal, and the United States shall not disclose Schedules A through G to any other person or entity, except that the United States may provide a copy of a given Schedule to the financial institution holding the account or accounts reflected on that Schedule.

6. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will

constitute one and the same instrument. Signature pages may be by fax or by .pdf and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____       3/22/2013
Alexander Wilson                            DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2193

LEBANESE CANDADIAN BANK, SAL

By: _____       3/22/2013
Evan T. Barr                                DATE
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506.3918

SO ORDERED:

_____           3/27/13
THE HONORABLE PAUL A. ENGELMAYER           DATE
UNITED STATES DISTRICT JUDGE

5