UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LEBANESE CANADIAN BANK SAL, et al.,<br><br>    Defendants,<br><br>ALL ASSETS OF LEBANESE CANADIAN BANK SAL OR ASSETS TRACEABLE THERETO, et al.,<br><br>    Defendants <u>in rem</u>. | STIPULATION AND ORDER<br><u>OF SETTLEMENT</u><br><br>Civil Action No. 1:11-cv-9186-PAE<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 6/19/13 |

    WHEREAS, on or about December 15, 2011, a verified Complaint, 11 Civ. 9186 (RJH) (the "Complaint") was filed in the United States District Court for the Southern District of New York seeking the forfeiture of certain properties pursuant to Title 18, United States Code, Section 981 (a) (1) (A) and (a) (1) (C), and seeking civil money laundering penalties pursuant to Title 18, United States Code, Section 1956 against certain parties;

    WHEREAS, on or about October 26, 2012, the Government filed a Verified First Amended Complaint (the "Amended Complaint");

    WHEREAS, the Defendants *in rem* in this action include all assets of Hassan Ayash Exchange Company ("Ayash") and assets traceable thereto (the "Defendant Property");

    WHEREAS, the Amended Complaint also seeks a civil money laundering penalty from Ayash in the amount of approximately $141,522,091 pursuant to Title 18, United States Code, Section 1956(b);

WHEREAS, the Amended Complaint alleges that the Defendant Property (a) constitutes or was derived from proceeds traceable to violations of executive orders and regulations issued pursuant to the International Emergency Economic Powers Act of 1977 ("IEEPA"), codified at 50 U.S.C. §§ 1701-1705; and (b) constitutes property involved in money laundering transactions in violation of Sections 1956 and 1957;

WHEREAS, on or about December 15, 2011, the Court issued a post-complaint restraining order pursuant to 18 U.S.C. § 983(j)(1) and Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture, prohibiting the transfer or dissipation of the Defendant Property (the "Restraining Order");

WHEREAS, on or about January 26, 2011, the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC") designated Ayash under the Foreign Narcotics Kingpin Designation Act, codified at Title 21, United States Code, Sections 1901 to 1908;

WHEREAS, as a result of the OFAC action, approximately $700,000 in funds belonging to Ayash that were in the process of being wired through an account in Manhattan, New York to an account held in the name of the Hassan Ayash Exchange Company at Lebanese Canadian Bank SAL in Lebanon were blocked, and remain as blocked asset at J.P. Morgan Chase ("JPMC") bank (the "Blocked Funds").

WHEREAS, Ayash has denied and disputed that any of its property (a) constitutes or was derived from proceeds traceable to violations of executive orders and regulations issued pursuant to the International Emergency Economic Powers Act of 1977 ("IEEPA"), codified at 50 U.S.C. §§ 1701-1705; or (b) constitutes property involved in money laundering transactions in violation of Sections 1956 and 1957;

WHEREAS, Ayash asserts that it had no knowledge of any alleged unlawful activity taking place by, at or through the auspices of Ayash, including allegations of a scheme to launder proceeds of IEEPA violations and narcotics transactions through the U.S. used car market; and

WHEREAS, Ayash maintains that there is no factual basis to establish that Ayash either had been involved with, knew of, or had reason to know of any of the matters alleged in the Amended Complaint; and

WHEREAS, Ayash, admitting no wrongdoing in connection herewith, has agreed to settle this matter; therefore;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, through its attorney, Preet Bharara, United States Attorney for the Southern District of New York, Sharon Cohen Levin, Michael D. Lockard, Jason H. Cowley, and Alexander J. Wilson, Assistant United States Attorneys, of counsel, and Hassan Ayash Exchange Company, and its counsel of record, James T. Bacon, Esq. as follows:

1. The Hassan Ayash Exchange Company and its officers, directors, shareholders, subsidiaries, and affiliates (collectively, "Ayash") acknowledges that it has been made aware of allegations, as set forth in the Amended Complaint, of a scheme to launder the proceeds of violations of IEEPA and proceeds of narcotics transactions, including through the purchase of used cars in the United States; their subsequent shipment to West Africa for sale; the commingling of the proceeds of those sales with narcotics proceeds; and transportation of those funds into Lebanon; and allegations that Hizballah members and supporters were involved at various points in the above-described alleged money laundering scheme.

2. Ayash shall forfeit to the United States for disposition according to law: (a) all funds on deposit in J.P. Morgan Chase Bank account number 958164493 (the "JPMC Funds");

3

and (b) $20,000 on deposit in Société Générale de Banque au Liban in an account (the "SGBL Account") held in the name of Hassan Ayash Exchange Company in Lebanon (the "SGBL Funds"). All remaining assets of Ayash (including any remaining funds in the SGBL Account and all movable, immovable, tangible, intangible, and other property), none of which are located in the United States, shall remain Ayash assets.

3. Upon being provided a copy of this Stipulation and Order, Société Générale de Banque au Liban shall issue a checks in the amount of the SGBL Funds payable to the United States Marshals Service, Southern District of New York, and send such check to the address below (the "USAO Address"):

> United States Attorney's Office
> c/o Christina Muniz-LoPresti
> One Saint Andrews Plaza
> Asset Forfeiture Unit – 3rd Floor
> New York, NY 10007

Ayash shall take all necessary steps and provide all necessary assistance to facilitate the transfer of the SGBL Funds.

4. Upon being provided a copy of this Stipulation and Order, and upon the granting of any necessary license by the Office of Foreign Assets Control, J.P. Morgan Chase Bank shall issue a check in the amount of the JPMC Funds payable to the United States Marshals Service, Southern District of New York, and send such check to the USAO Address.

5. Upon entry of this Stipulation and Order and the transfer of the SGBL Funds as set forth Paragraph 3 (a) the claims in the Amended Complaint for forfeiture of the Defendant Property shall be dismissed, except with respect to the JPMC Funds and the SGBL Funds; (b) the Restraining Order shall be amended so as to no longer apply to the Defendant Property; and (c) the civil money laundering penalty claim pursuant to Title 18, United States Code, Section

1956(b) shall be dismissed with prejudice as to Ayash. After entry of this Stipulation and Order and the transfer of the SGBL Funds, no person or entity shall fail to release Ayash's property to Ayash based on the existence of the Restraining Order or any other aspect of this action, and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") has no objection to the release of Ayash's property to Ayash.

6. Ayash shall not make any claims against the United States or any of its agents and employees (including, without limitation, the Drug Enforcement Administration ("DEA") and the USAO-SDNY in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property, including, without limitation, any claim that the United States did not have probable cause to seize, restrain, and/or forfeit the Defendant Property, that Ayash is a prevailing party, or that Ayash is entitled to attorneys' fees or any award of interest.

7. Ayash represents that it is the sole owner of the Defendant Property. Ayash agrees to hold harmless the United States and any and all of its agents and employees (including, without limitation, the DEA and the USAO-SDNY) from any and all claims, including, without limitation, third-party claims, in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property.

8. Each party waives all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

9. Each party shall bear its own costs and attorneys' fees.

10. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____       6/18/2013
Sharon Cohen Levin/Michael D. Lockard         DATE
Jason H. Cowley/Alexander J. Wilson
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2200

HASSAN AYASH EXCHANGE COMPANY

By: _____       6/19/2013
Hassan Ayash                                  DATE
Duly Authorized Representative
Hassan Ayash Exchange Company

By: _____       6/19/2013
James T. Bacon                                DATE
Allred, Bacon, Halfhill & Young, P.C.
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
(703) 352-1300
Counsel for Hassan Ayash Exchange Company

SO ORDERED:

Paul A. Engelmayer                           6/19/13
_____             DATE
The Honorable Paul A. Engelmayer
United States District Judge